## W. T. HUDNELL v. EAST CAROLINA LUMBER COMPANY.

(Filed 22 September, 1920.)

**1. Deeds and Conveyances.—Timber Deeds—Contracts—Cutting and Removing Timber.**

A contract for the sale or purchase of timber standing upon lands specifying a certain size, when cut, then standing, or which may be standing or growing during the term of two years from its date, or such time as may be necessary for the removal of the timber not exceeding five years, vests the title and the right to cut and remove the timber in the purchase for the five year period, when he had begun to cut it within the time specified in the contract, and the delay was not caused by any default of his own, but by conditions he could not control.

**2. Same—Extension Period for Cutting—Conditions Precedent.**

Where five years is given a purchaser of timber growing upon lands, if without delay attributable to him, it cannot be cut and removed in two years, the principle requiring the performance of a condition precedent or notice, within the first period, as upon the exercise of an option, has no· application.

APPEAL by plaintiff from *Connor, J.,* by consent, at Wilson, on 20 May, 1920, from PAMLICO.

This is an appeal by the plaintiff from a judgment dissolving an order restraining the defendant from cutting certain timber.

On 28 January, 1918, the plaintiff (now sole owner of the timber in controversy), together with R. L. M. Bonner (then owning one-half interest therein), conveyed, by timber deed or lease, certain timber of the size of 12 inches in diameter, 18 inches from the ground *"when cut, now standing, or growing, or which may be standing or growing, during the term of two years from the date hereof, or such time as may be necessary for the removal of said timber, not exceeding five years,"* on the land described in the deed. The consideration was $3 per thousand feet stumpage, and the defendant agreed to commence cutting within ninety days from 28 January, 1918, or as soon thereafter as possible.

Upon the expiration of the two-year term specified in the contract, the defendant, not having cut and removed all the timber from the land, without request for additional time, *and with no notice to plaintiff that additional time was necessary or desired, continued to cut and remove timber from said land,* and now insists that its term is, substantially, five years.

The plaintiff contended that the deed passed the right to cut within two years with an option to extend to five years, and the defendant took the position that by the terms of the deed it had a full *five-year* term, instead of a two-year term.

Plaintiff obtained a temporary order, and an order to show cause, on 20 May, 1920, and upon the hearing the order was made dissolving the restraining order, and the plaintiff appealed.

The affidavits on file fully support the findings of his Honor, as follows: "That defendant commenced the cutting and logging of said timber within ninety days from 28 January, 1918, or as soon thereafter as was possible, and has continued cutting and logging the said timber since such commencement; that owing to delays caused by temporary suspensions of operations for necessary repairs, to its mill and equipment, by its inability to secure sufficient and adequate labor for carrying on said operations, and by other unavoidable conditions incident to the cutting and logging the said timber, the defendant was unable to cut and remove all of said timber during the term of two years from 28 January, 1918, and additional time is necessary for the removal of the same.

"That defendant did not request of plaintiff additional time for the removal of said timber, nor did it notify plaintiff that additional time was necessary prior to 28 January, 1920."

*Small, MacLean, Bragaw & Rodman for plaintiff.*
*Aydlett & Simpson for defendant.*

4—180

ALLEN, J. The authorities in this State sustain the doctrine for which the plaintiff contends, that deeds conveying timber, with a time specified for cutting, pass "an estate of absolute ownership, defeasible as to all timber not cut and removed within the specified period," and that a clause inserted in such deeds extending the time for cutting, upon the performance of certain conditions by the vendee, "is in the nature of an option, and it is held by the great weight of authority that contracts of this character do not of themselves create any interest when the conditions are not performed and work a forfeiture when not strictly complied with."

We do not think, however, these principles have any application to the deed now before us. No condition is imposed on the vendee, nor is it required to pay money or do any other act before exercising the right to cut within five years from the date of the deed, and the right to do so is granted as a present interest by the deed.

The two terms of two and five years are mentioned in the deed because the plaintiff was anxious to have the timber cut as soon as practicable, and the defendant thought it might require five years, and the consideration for the longer term was not something to be done thereafter by the purchaser, but the price agreed to be paid for the timber.

Undoubtedly it was the duty of the defendant to exercise ordinary care to cut the timber within two years, because the longer period is given only in the event that it may be necessary, but his Honor finds, and we approve the finding, that the defendant commenced cutting as soon as possible, and prosecuted the work diligently, and that "the defendant was unable to cut and remove all said timber during the term of two years from 28 January, 1918, and additional time is necessary for the removal of the same."

These findings, while not binding on the parties if issues should be submitted to a jury, and are not conclusive on us, were properly made by the judge on a motion to dissolve a restraining order.

*Taylor v. Manger,* 169 N. C., 728, and *Ricks v. McPherson,* 178 N. C., 154, furnish illustrations of cases where the right to cut during the longer period mentioned in a deed passed by the deed, and was self-executing without action on the part of the purchaser. In the deed before us, the purchaser is not required to pay anything or to give notice or do any other act before exercising the right to cut during the full period.

We are of opinion, therefore, the defendant had the right to continue cutting after the first period of two years expired, and that the restraining order was properly dissolved.

Affirmed.