J. W. SUTTON ET AL. v. DAVID SUTTON ET AL.

(Filed 8 March, 1922.)

**1. Injunction — Judgment — Pleadings—Issues of Fact—Questions for Jury—Trials.**

Upon the hearing by the judge upon the question of continuing a restraining order to the hearing, the judge, upon proper findings, may dissolve the temporary order, but in doing so it is error for him to also determine an issue of fact, material to the rights of the parties, and which should be reserved for the jury to pass upon at the trial.

**2. Same—Deeds and Conveyances—Mental Capacity.**

Upon the hearing by the judge of a motion to continue a preliminary restraining order to the hearing, the title to lands was made to depend, by the pleadings, upon the mental capacity of the grantor to make a valid deed to the *locus in quo:* *Held*, though the restraining order was properly dissolved under the facts appearing in this case, it was reversible error for the judge to incorporate in his order an adjudication of title, as this involved an issue as to the fact for the jury to determine at the trial.

APPEAL by plaintiffs from a judgment of *Horton, J.,* dissolving a temporary restraining order, rendered at chambers in Greenville, on 14 January, 1922, from PITT.

*Julius Brown for plaintiffs.*
*F. G. James & Son and Albion Dunn for defendants.*

ADAMS, J.   Drusilla Crawford died seized in fee of a tract of land in Pitt County, leaving four children as her heirs at law, two of whom were Lydia Crawford and David Sutton.   Thereafter, on 11 February, 1921, Lydia Crawford and her husband, J. B. Crawford, executed and delivered to David Sutton a deed conveying Lydia's interest in said land; and David Sutton and his wife executed a mortgage to Lydia to secure the purchase price.   The plaintiffs filed their complaint, alleging that Lydia Crawford, at the time her deed was executed, was mentally incapacitated, and unable to comprehend the significance of her deed; and the defendants filed answers denying the plaintiff's allegation.   A temporary order restraining David Sutton from conveying the land and J. B. Crawford from disposing of the note was issued and made returnable before Judge Horton.   Affidavits were filed, and on the hearing at chambers his Honor heard the proof, found the facts, and dissolved the restraining order, and adjudged that the deed executed by J. B. Crawford and his wife to David Sutton conveyed Lydia's interest in the land, and that David Sutton is the owner of the interest conveyed.

Upon the facts set forth in the record his Honor properly dissolved the restraining order, and to this extent the judgment is affirmed; but his Honor should not have adjudged that David Sutton is the owner of the land in controversy, or that Lydia's deed conveyed her interest, because these questions must be disposed of in the final judgment, which will ultimately be determined by the verdict of the jury; and to this extent the judgment is modified.

The cost will be taxed against the appellees.

Modified and affirmed.