R. H. OWEN ET AL. V. BOARD OF EDUCATION OF CUMBERLAND
COUNTY ET AL.

(Filed 1 November, 1922.)

**Injunction — Taxation — School Districts—Final Judgment—Hearing—
Trials.**

> On this appeal: *Held,* the trial judge properly dissolved a temporary
> order restraining the county board of education from levying a special
> tax for school purposes, pursuant to an election held upon the question in
> the district; but erred in adjudging that the defendants "go without day,"
> such being permissible only when the facts are admitted for the purpose
> or fixed and established at the final hearing. *Davenport v. Board of
> Education,* 183 N. C., 570.

CIVIL ACTION, heard on return to preliminary restraining order, before
*Connor, J.,* on 12 June, 1922, from CUMBERLAND.

The action is to challenge the formation of Seventy-first Consolidated
School District in said county. To restrain a proposed bond issue, and
the levying of a special tax to provide for same, pursuant to an election
held in said district. And also the present location and erection of the
school buildings within said district as now planned and intended by the
school authorities. On the hearing the court made a full and compre-
hensive finding of the pertinent facts, and entered judgment in terms
as follows:

"1. That the restraining order heretofore issued in this case be and
the same is hereby dissolved.

"2. That the election held in that part of the 71st Consolidated School
District, excluding Kornbeau, is hereby declared valid and sufficient to
authorize, and does authorize, the levying and collection of the special
tax as asked for in the petition.

"3. That the election held in the Kornbeau territory is hereby declared
valid and sufficient to authorize, and does authorize, the levying and
collection of the special tax as asked for in the petition.

"4. That the two said districts were properly consolidated, and now
constitute the 71st Consolidated School District.

"5. That the bond election held in the 71st Consolidated District is
hereby declared valid, and said bonds a legal and binding obligation
when issued upon and against the 71st Consolidated School District, and
the property therein.

"And the proper authorities are hereby authorized and directed to take
such further steps as may be necessary for the levying of said tax and
the issuing of said bonds, and it is further decreed that the defendants
go hence without day and recover their costs of the plaintiff and his
surety."

*Rose & Rose, J. O. Tally, and Bullard & Stringfield for plaintiff.*

*Oates & Herring, Shaw & Shaw, and Sinclair, Dye & Clark for defendants.*

HOKE, J. The facts in evidence as they now appear of record are fully sufficient to support and justify the conclusions of the trial judge. As to the proper formation of the school district in question, the legality of the election and proposed bond issue and tax levy to provide for same, and the lawful selection of the proposed school site as contemplated by the authorities in control of the matter, and the judgment dissolving the injunction must be upheld. But we think his Honor went beyond the powers conferred upon him in undertaking to make a final determination of the rights of the parties, and adjudging that defendants "go without day." Except where the facts are agreed upon or admitted for the purpose, such a judgment in a case of this kind may only be had at the final hearing and on the facts as they may be then fixed and established. This was virtually held in the recent case of *Davenport v. Board of Education,* 183 N. C., 570, and the ruling is in accord with the prevailing decisions on the subject. *Galloway v. Board of Education, ante,* 245; *Davenport v. Board of Education, supra; Moore v. Monument Co.,* 166 N. C., 211.

This will be certified that the judgment of the lower court be modified in accordance with this opinion.

Modified.