Z. Z. GRANTHAM v. R. A. NUNN, TRUSTEE; C. K. TAYLOR, MRS. MARY BRYAN AND T. W. HOLTON.

(Filed 24 September, 1924.)

**1. Injunction—Equity—Findings of Fact—Issues—Trial by Jury—Appeal and Error.**

In dismissing a preliminary order restraining the sale of land under a mortgage, wherein the controversy is as to whether an outstanding note it secures has been paid by the plaintiff or another who claims, in subrogation of the mortgagee's right, it is reversible error for the Superior Court judge to attempt to deprive the plaintiff of his right to a trial by jury of the issuable matter, unless he has waived his right thereto.

**2. Same—Mandamus.**

> The remedy by mandamus is not the remedy available for the enforce-
> ment of equitable rights concerning only the pecuniary interest or the
> proprietary rights of litigants; and where the equitable right by injunc-
> tion is sought by the plaintiff in the action to enjoin the foreclosure of a
> mortgage on his lands, and the temporary order has been issued and dis-
> solved, the trial judge may not, as in mandamus, exclude the rights of
> the plaintiff from a trial by jury on the issues arising on the pleadings.

CIVIL ACTION, heard on return to a preliminary order restraining sale
of land by defendant, trustee, heard before *Daniels, J.,* holding the
courts of the Fifth District. From CRAVEN.

On the hearing it was made to appear that on 8 April, 1918, Judge
Henry R. Bryan, now deceased, and his wife, Mary N. Bryan, sold and
conveyed to L. T. Grantham a tract of land in said county for $5,900.00,
evidenced by eleven serial notes for $500.00 each, due on 1 March in
successive years from 1919 to 1929, inclusive, and a $400.00 note due
1 March, 1930, the interest payable annually on 1 March, and secured
by deed of trust to secure said notes to defendant R. A. Nunn, with
power of sale by him in case of default in paying the taxes and the
respective amounts and interest as they became due, etc.

Second, that on 4 December, 1918, said L. T. Grantham sold and con-
veyed the land, subject to said deed of trust, to defendant C. K. Taylor;
and as part of the purchase money the latter assumed the payment of
the Bryan notes, and in addition promised to pay to L. T. Grantham
$6,545.50, which last sum was secured by a second mortgage on the
property.

That default having been made on this second mortgage, the trustee
therein foreclosed by sale, when Z. Z. Grantham became the purchaser
and took a deed for said property, subject to the first mortgage.

That in December, 1923, said purchaser, Z. Z. Grantham, instituted
the present action, seeking to redeem the property, and alleged, among
other things, that he had satisfactorily arranged with the beneficiaries
of the first mortgage, Mrs. Bryan, *et als.,* for the payment of all the
notes now outstanding and unpaid, and demanded of the trustee that
he cancel of record the first deed of trust, which said proper and reason-
able request was declined by the trustee on the alleged ground that two
of the $500.00 notes now past due were held by defendant T. W. Holton,
who claimed that he had advanced the money to pay the same, under
an agreement with defendant Taylor that the same should continue to
be a lien on the land through the original purchase-money mortgage.
Said T. W. Holton was made a party defendant by reason of said claim,
and plaintiff in his verified complaint averred that said claim was

entirely invalid, as said notes had been paid outright by C. K. Taylor, and defendant Holton had no interest or claim on the property, etc.

As ancillary to the principal suit, plaintiff applied for and obtained an order to show cause in the form of a mandatory injunction requiring defendant to appear and show cause why said deed of trust should not be canceled of record on payment of the amount actually due, as claimed and alleged by plaintiff.

Defendant appeared and filed his affidavits in response, making averment of his having lent the money to C. K. Taylor with which to pay said notes, and under an agreement that same should continue to be secured by the original purchase-money mortgage.

On the hearing before Judge Frank A. Daniels, at January Term, 1924, his Honor finds the facts to be as alleged by defendant Holton, and denied plaintiff's application for an order directing present cancellation of the deed of trust. From this order plaintiff appealed, and the judgment of his Honor was affirmed here, the Court holding that on the facts as stated by defendant Holton and sustained in the findings of the lower court, a right of subrogation would arise to said defendant. This opinion having been certified down, the trustee, Nunn, advertised the land for sale under the purchase-money mortgage or deed of trust for default in paying interest, taxes, and the unpaid purchase money. Thereupon plaintiff applied for and obtained from Judge Daniels a preliminary injunction with an order to show cause why same should not be continued to the final hearing. At such hearing defendants appeared and claimed that the former order made by Judge Daniels, and affirmed by the Supreme Court was a final determination of the matters in dispute in defendant Holton's favor. The court, being of a contrary opinion, entered judgment that on payment of all taxes due, etc., the restraining order be continued to the hearing, from which judgment defendant Holton appealed.

*Guion & Guion for plaintiff.*
*J. H. Stringfield and T. D. Warren for defendant Holton.*

HOKE, C. J., after stating the case: While the findings of fact made by Judge Daniels on 24 January, 1924, and affirmed by this Court are definite in form and presently sustain the position of T. W. Holton, the appellant, a proper perusal of the record will disclose that these findings were made on the hearing of a preliminary restraining order and for the purposes only of the questions as therein presented, and in such case it was by no means the purpose nor was it within the power of the learned judge to conclude the parties on issuable matters which might arise on the pleadings and be presented by the parties at the final hear-

ing. *Owen v. Board of Education,* 184 N. C., 267; *Sutton v. Sutton,* 183 N. C., 128; *Moore v. Monument Co.,* 166 N. C., 211.

In *Sutton v. Sutton, supra,* wherein the lower court dissolved the restraining order and entered judgment for defendant, the governing principle is stated as follows: "Upon the hearing by the judge upon the question of continuing a restraining order to the hearing, the judge, upon proper findings (and it may be added on the evidence presented and without findings), may dissolve the temporary order, but in doing so it is error for him also to determine an issue of fact material to the rights of the parties and which should be reserved for the jury to pass upon at the trial."

And in *Owen v. Board of Education, supra,* the Court said: "The facts in evidence are fully sufficient to support and justify the conclusions of the trial judge, and his judgment dissolving the restraining order must be upheld, but we think his Honor went beyond the powers conferred upon him when he undertook to make final determination of the rights of the parties and adjudged that defendants go without day."

In the case before us as now presented the issuable matter determinative of the rights of these litigants is whether the purchase money notes now held and claimed by appellant Holton were paid outright by C. K. Taylor, the second mortgagor, or were paid with money advanced by appellant to said Taylor under circumstances which conferred upon appellant the right of subrogation as indicated in our former opinion. On this issue, and in ordinary civil actions, the parties are entitled to a jury trial unless waived by them, and on careful examination we find no such waiver on the record as the law permits and requires. *Wilson v. Bynum,* 92 N. C., 717; C. S., 556.

It is contended for appellant that the first hearing before Judge Daniels was in reality an application for a mandamus in which by our statutes a party litigant is not entitled to a jury trial unless the same is demanded in apt time. *Tyrrell v. Holloway,* 182 N. C., 64; C. S., 868. It will be noted, however, that this statutory provision applies to actions of mandamus proper, a writ allowable only for the enforcement of clearly defined legal rights and more usually in matters of public or *quasi*-public concern. So far as examined, it is never available for the enforcement of equitable rights which concern only the pecuniary interest or proprietary rights of individual litigants. *Person v. Doughton,* 186 N. C., 724; *Service Co. v. Power Co.,* 179 N. C., 330; *Wall v. Strickland,* 174 N. C., 298; *Telephone Co. v. Telephone Co.,* 159 N. C., 9; *Edgerton v. Kirby,* 156 N. C., 347; *Turnpike Co. v. McCalla,* 119 Ind., 382; High on Injunctions, sec. 2; Beach on Injunctions, sec. 9.

It now appears that in this action, brought originally to redeem the land from the encumbrance of a purchase-money mortgage, plaintiff has paid off all the notes secured other than those held by appellant, and the only question now remaining is whether, as stated, appellant is entitled to enforce the lien for the notes claimed and held by him under the principles of subrogation, both being clearly for the enforcement of equitable rights and for which mandamus does not lie.

There is no error, and the judgment below is

Affirmed.