The plaintiffs brought this action to secure a mandatory injunction against the defendants with respect to moneys alleged to be in the hands of the defendant Commissioners from collection of delinquent taxes, including those levied for educational purposes, alleging that they are in danger of misapplication.
At the same time they secured a temporary restraining order against all the agencies joined as defendants from expending funds out of certain accounts as explained infra, and an order to show cause why the temporary injunction should not be continued to the hearing. The appeal is from dissolution of the restraining order.
They attack as unconstitutional Chapters 486 and 487 of the Session Laws of 1945, both concededly public-local laws applying only to Robeson County. They are alleged to he in contravention of Article IX, Section 5, of the North Carolina Constitution, and other provisions of the State and the Federal Constitutions contended to have a bearing upon their validity. *Page 506 
Both cited Session Acts relate to the proceeds of belated collections of delinquent taxes, purport to alter the method of interfund accounting theretofore in use in the county, so that surplus funds over budgetary requirements, with respect to these taxes, should be passed into the general fund (Chapter 487) or the revolving fund account (Chapter 486) without distinguishment of character or source. Custodial status remained unchanged.
The gravamen of plaintiffs' objection is that the proceeds of the delinquent tax collections, including substantial sums in the aggregate, which, as general funds, were thus made subject to expenditure, at discretion of the board, for nonschool purposes; and when put in the revolving fund from which other funds might be supplemented, the same result would follow.
At the hearing the several boards and agencies were represented and proceeded with evidence.
The Board of County Commissioners introduced evidence tending to show that all the current budget requirements with respect to the schools had been currently met, and that the unexpected result of delinquent tax collections had created a surplus not needed in that respect. The evidence tended to show that while the revised system of bookkeeping did not distinguish the sources and amounts of the inter-fund collections, this could be accomplished by analysis of the levy and collection for the several years involved; and that such analysis showed that the total expenditures actually made from these funds for educational purposes were approximately equal to the aggregate collections of taxes chargeable to educational purposes, and that no invasion of those collections had been made for other purposes. The evidence tended to show that an emergency with respect to school buildings existed; the existing buildings and facilities which it was their duty under the statute to maintain, had become inadequate, unsanitary, dangerous, and wholly unfit to house the growing student population, especially those in use by the Negro race; and that the funds had been used in the erection of school buildings and the furnishing of facilities without which the conduct of the schools could not be carried on. The evidence tended to show that the "funds" with which plaintiffs' action is concerned were thereby practically exhausted, — with the exception of a still pending item between the City of Lumberton and the County of Robeson, when plaintiffs began their action.
The evidence, consisting of affidavits and voluminous accounts exhibited by respondents — the plaintiff offered no evidence — was heard by Judge Nimocks, who, on consideration thereof and of the pertinent statutes, and the argument of counsel, found facts consistent with the foregoing summary, concluded that the acts cited did not contravene any constitutional provisions, and dissolved the temporary restraining order.
Plaintiffs appealed. *Page 507 
Although the plaintiffs have appealed from an interlocutory order, it has been considered, in the practice, as one involving a substantial right and subject to appeal. McIntosh, N.C. Practice and Procedure, Sec. 876, p. 993; Jones v. Thorne, 80 N.C. 72.
However, it must be borne in mind that the proceedings on the show cause order, including the findings of fact, are significant only with respect to the immediate issue — whether the order should be continued to the hearing or dissolved; and the findings of fact are not binding on the court upon the final hearing. Grantham v. Nunn, 188 N.C. 239,124 S.E. 309; Owen v. Board of Education, 184 N.C. 267, 114 S.E. 390; Sutton v. Sutton, 183 N.C. 128, 110 S.E. 777.
The evidence is summarized here only for the purpose of the present review, in passing upon the validity and propriety of the order assailed.
Detailed consideration of the questions fundamentally involved might embarrass, instead of aid, the hearing on the merits and will not be attempted.
The decision of the court below rested largely on its sound judgment, subject, of course, to the legally applicable principles. We cannot say that these latter have been invaded. The presumption of correctness of the judgment entered below applies to cases of this kind, Plott v. Commissioners, 187 N.C. 125, 121 S.E. 190; Hyatt v. DeHart, 140 N.C. 270,52 S.E. 781, and the plaintiffs have not overcome it. Indeed, upon the evidence, the court had before it the question whether by exhaustion of the funds intended to be protected, the acts sought to be restrained had already become a fait accompli when the action began. Yates v. Dixie Fire Ins. Co., 166 N.C. 134, 81 S.E. 1062.
Affirmed. *Page 508