N. E. CHAPPELL v. ALONZA STALLINGS AND THE UNKNOWN HEIRS OF MATTIE KNIGHT AND JONAS REED AND ALL POSSIBLE ASSIGNEES OF SUCH PERSONS.

(Filed 25 February, 1953.)

**1. Taxation § 41—**

The owner of land has the right to redeem same from the lien of unpaid taxes by paying the taxes with accrued interest, penalties, costs, and court costs, at any time before the entry of a valid judgment in a tax foreclosure action confirming judicial sale of the land. G.S. 105-391.

**2. Judgments § 19: Courts § 5—**

Where it appears that a motion to show cause was heard out of the county without the consent of the parties, the determination of the motion is a nullity and does not preclude another Superior Court judge from entering a subsequent order in the cause at variance therewith.

**3. Courts § 5: Judgments § 30—Judgment does not conclude matters not then properly presented for adjudication.**

Where motion to vacate a judgment foreclosing a tax lien is made, and at the same time a temporary order restraining sale under the judgment is issued, *held* upon the hearing of the order to show cause the only matter before the court is whether the restraining order should be continued in force until the clerk passes on the motion to vacate the judgment of sale, and an adjudication dissolving the temporary order and authorizing the commissioner to proceed with the sale does not adjudicate the merits of the motion to vacate the decree of sale and does not preclude another Superior Court judge from deciding the merits of that motion upon appeal from the clerk.

**4. Taxation § 40g—**

The provisions of G.S. 105-391 (p) (q) (r) requiring the filing of exceptions to the report of sale in the foreclosure of a tax lien relate to exceptions addressed to the validity and regularity of the particular sale, and therefore the failure to file such exceptions does not preclude the prosecution of a motion in the cause attacking the validity of the judgment of sale.

**5. Same—**

The clerk should not undertake to confirm commissioner's sale of land under foreclosure of a tax lien before determining a motion in the cause challenging the validity of the judgment of sale, since such motion puts in issue the validity not only of the judgment of sale but all proceedings subsequently had thereunder.

**6. Taxation § 40c—**

A suit for the foreclosure of tax liens is a civil action and not a special proceeding. G.S. 105-391.

**7. Same: Judgments §§ 9, 27d—**

Where, in an action to foreclose tax liens by a private individual, service on defendants is had by publication, judgment of sale by default entered less than twenty days after defendants were served with summons in legal

contemplation, *is held* irregular and is properly set aside upon motion in the cause.

APPEAL by plaintiff from *Burgwyn, Special Judge,* at October Term, 1952, of PERQUIMANS.

Civil action by private owner of certificates of sale to foreclose tax liens under G.S. 105-391.

The essential facts are summarized in ultimate terms in the numbered paragraphs which follow.

1. The plaintiff N. E. Chappell, as the private owner of certificates of sale, brought this action against the defendants Alonza Stallings "and the unknown heirs of Mattie Knight and Jonas Reed and all possible assignees of such persons" to foreclose tax liens on land in the Town of Hertford, Perquimans County, for unpaid taxes of the Town of Hertford and Perquimans County. Pursuant to G.S. 105-391, the plaintiff included in his complaint a cause of action for the foreclosure of the lien of a special benefit assessment allegedly assigned to him by the Town of Hertford.

2. Service of summons was made by publication on the defendants designated as "the heirs of Mattie Knight." The date of the last publication of the statutory notice was 5 October, 1951.

3. On 23 October, 1951, the Clerk of the Superior Court of Perquimans County entered a judgment of sale by default for want of an answer. The judgment ordered the land sold for the satisfaction of the tax and special benefit assessment liens, and appointed a commissioner to make the sale.

4. The commissioner offered the land for sale by public auction to the highest bidder on each of these five days: 23 November, 1951; 8 December, 1951; 29 December, 1951; 23 January, 1952; and 28 February, 1952. The second, third, fourth, and fifth sales were necessitated by the filing of increased bids. The highest bidder at the fifth sale was the plaintiff, who offered $1,366.55 for the land. No increased bid was made after 28 February, 1952, the date whereon the commissioner filed his report of the fifth sale with the Clerk of the Superior Court of Perquimans County. Moreover, no formal exception to this report was filed by any person.

5. Meanwhile, to wit, on 19 January, 1952, Alice Knight Butler, Susie Knight, and Ida Whidbee, as the heirs of Mattie Knight and the owners of the land, filed with the Clerk of the Superior Court of Perquimans County a verified motion in the cause wherein they alleged, in essence, that they had just learned of the attempt to serve them with summons in the cause by publication; that they desired to redeem their land from the tax and special benefit assessment liens; that the judgment of sale entered on 23 October, 1951, was invalid; and that such judgment and the pro-

ceedings being had by the plaintiff under it impeded their right to redeem their land and thus prejudiced them. They prayed that the judgment of sale be vacated, and that they be permitted to redeem the land from the tax and special benefit assessment liens.

6. On the same day, *i.e.,* 19 January, 1952, Judge J. Paul Frizzelle, acting on the *ex parte* application of Alice Knight Butler, Susie Knight, and Ida Whidbee, issued a temporary restraining order enjoining "the plaintiff, his attorney and agents . . . from selling the land" until the further order of the court, and requiring the plaintiff to show cause before Judge Clawson L. Williams at Elizabeth City, N. C., on 11 February, 1952, "why the restraining order should not be continued until the final hearing."

7. When he heard the show-cause order at Elizabeth City on 11 February, 1952, Judge Williams concluded that Alice Knight Butler, Susie Knight, and Ida Whidbee were "not entitled to the . . . restraining order," and entered this order: "It is now ordered that the restraining order granted in this action on the 19th day of January, 1952, be, and the same is hereby vacated and dissolved, and the commissioner heretofore appointed by the court in this cause is hereby authorized and permitted to proceed to the sale of said land upon the upset bid after due advertisement of said sale in the manner prescribed by law."

8. While the motion described in paragraph 5 was pending before him unheard and undetermined, to wit, on 13 March, 1952, the Clerk of the Superior Court of Perquimans County, acting without any notice to the movants or their attorney, entered an "order of confirmation," whereby he declared that the commissioner's sale of 28 February, 1952, "was . . . lawfully conducted . . . in all respects," and ordered the commissioner to convey the land in fee simple to the plaintiff as the highest bidder at such sale "upon the receipt of the purchase price."

9. Subsequent to the entry of the "order of confirmation" the Clerk of the Superior Court of Perquimans County entered an order denying the motion described in paragraph 5. The movants Alice Knight Butler, Susie Knight, and Ida Whidbee thereupon appealed from the clerk to the judge.

10. The appeal was heard at the October Term, 1952, of the Superior Court of Perquimans County. Judge Burgwyn, who presided, entered a judgment whereby he vacated "the judgment heretofore rendered," and adjudged that Alice Knight Butler, Susie Knight, and Ida Whidbee are entitled to redeem the land by paying the taxes and the special benefit assessment in suit, plus interest, penalties and costs thereon, and all court costs, including a designated fee for plaintiff's attorney. The plaintiff excepted and appealed, assigning errors.

---

CHAPPELL *v.* STALLINGS.

---

*Walter G. Edwards for plaintiff, appellant.*
*No counsel contra.*

ERVIN, J.   It is well settled that the owner has the right to redeem his land from the lien of unpaid taxes by paying the taxes with accrued interest, penalties and costs, and the court costs at any time before the entry of a valid judgment in a tax foreclosure action confirming the judicial sale of the land for the satisfaction of the lien.  *Park, Inc., v. Brinn,* 223 N.C. 502, 27 S.E. 2d 548; *Beaufort County v. Bishop,* 216 N.C. 211, 4 S.E. 2d 525.  His right of redemption is recognized in express terms three times in the statute now codified as G.S. 105-391, which authorizes and governs tax foreclosure actions, and affords the sole remedy available to private holders of unredeemed certificates of sale.

The plaintiff does not deny that an owner of land ordinarily possesses the right to redeem his property from the lien of unpaid taxes.   He merely asserts that Alice Knight Butler, Susie Knight, and Ida Whidbee do not have any right of redemption in the case at bar, and that Judge Burgwyn's decision to the contrary constitutes reversible error.

The plaintiff advances two arguments to sustain his position.   He asserts initially that the order made by Judge Williams at Elizabeth City on 11 February, 1951, was tantamount to an adjudication that Alice Knight Butler, Susie Knight and Ida Whidbee are not entitled to redeem the land involved in this cause; that this adjudication was at most a mere erroneous judgment, correctable only by an appeal from the order to the Supreme Court; that Alice Knight Butler, Susie Knight and Ida Whidbee forfeited their right to have the erroneous judgment of Judge Williams corrected by failing to take such appeal; and that Judge Burgwyn's judgment permitting Alice Knight Butler, Susie Knight, and Ida Whidbee to redeem contravenes the rule that one Superior Court judge cannot undo what another Superior Court judge has done, even though it may have been erroneous.  *Twitty v. Logan,* 86 N.C. 712.

This argument is not maintainable.   It is bottomed on a misconception as to both the legal effect and the verbal scope of the order.

We know judicially that Elizabeth City is the county seat of Pasquotank County.  Judge Williams was precluded from passing on the merits of the motion in the cause at Elizabeth City under the procedural rule that except by consent or in those cases specially permitted by statute, the judge can make no orders in a cause outside of the county in which the action is pending.  *Bisanar v. Settlemyre,* 193 N.C. 711, 138 S.E. 1; *Parker v. McPhail,* 112 N.C. 502, 16 S.E. 848; *Gatewood v. Leak,* 99 N.C. 363, 6 S.E. 706; *McNeill v. Hodges,* 99 N.C. 248, 6 S.E. 127; *Bynum v. Powe,* 97 N.C. 374, 2 S.E. 170.  The motion in the cause was never before Judge Williams.  When he conducted a hearing in Elizabeth

City on the return day of the show-cause order issued by Judge Frizzelle, the motion in the cause was pending in contemplation of law before the Clerk of the Superior Court of Perquimans County, who was required to pass upon it in the first instance by this statutory provision: "The clerk may hear and pass upon motions to set aside judgments rendered by him, whether for irregularity or under this section, and an appeal from his order on such motion shall lie to the judge at the next term, who shall hear and pass upon such motion *de novo.*" G.S. 1-220. The only question presented to Judge Williams for decision at Elizabeth City was whether or not the restraining order should be continued in force until the Clerk of the Superior Court of Perquimans County passed on the motion in the cause, and the only adjudication made by Judge Williams at Elizabeth City was that the restraining order should not be continued in force until the Clerk of the Superior Court of Perquimans County passed on the motion in the cause. *Branch v. Board of Education,* 230 N.C. 505, 53 S.E. 2d 455; *Grantham v. Nunn,* 188 N.C. 239, 124 S.E. 309; *Owen v. Board of Education,* 184 N.C. 267, 114 S.E. 390; *Sutton v. Sutton,* 183 N.C. 128, 110 S.E. 777. When the order under present scrutiny is read aright, it is obvious that Judge Williams did not undertake to make any other adjudication. His declaration that "the commissioner . . . is hereby authorized and permitted to proceed to the sale of said land upon the upset bid after due advertisement of said sale in the manner prescribed by law" was simply a judicial effort to elucidate the legal truth that the temporary restraining order had ceased to exist and in consequence no longer forbade the commissioner to carry out the prior order of the clerk. It had no bearing whatever on the question whether Alice Knight Butler, Susie Knight and Ida Whidbee have the right to redeem the land in suit.

The plaintiff asserts secondarily that he became the highest bidder at the fifth sale held on 28 February, 1952; that the commissioner reported such sale to the clerk of the Superior Court on the same day; that no exception or increased bid was filed by Alice Knight Butler, Susie Knight, or Ida Whidbee within the ten days next succeeding the filing of the report of the sale; that after the expiration of such ten days, to wit, on 13 March, 1952, the clerk of the Superior Court entered an order confirming the sale of 28 February, 1952, and directing the commissioner to convey the land to the plaintiff upon the payment of the sale price; that Alice Knight Butler, Susie Knight, and Ida Whidbee did not appeal from the order of confirmation to the judge; and that the order of confirmation terminated the right of Alice Knight Butler, Susie Knight, and Ida Whidbee to redeem the land.

The plaintiff bases this argument on subsections (p), (q) and (r) of G.S. 105-391, which are couched in this language: "Within three days

CHAPPELL *v.* STALLINGS.

following said sale the commissioner shall report said sale to the court, giving full particulars thereof. At any time within ten days after the filing of said report any person having an interest in the property may file exceptions to said report, and at any time within said period an increased bid may be filed in the amount specified by and subject to the provisions (other than provisions in conflict herewith) of section 45-28, or to the provisions (other than provisions in conflict herewith) of any law enacted in substitution for said section. At any time after the exporation of said ten days, if no exception or increased bid has been filed, the commissioner may apply for judgment of confirmation; and in like manner he may apply for such judgment after the court has passed upon any exceptions filed, or after any necessary resales have been held and reported and ten days have elapsed: Provided that the court may, in its discretion, order resale of the property, in the absence of exceptions or increased bids, whenever it deems such resale necessary for the best interests of the parties. Said judgment of confirmation shall direct the commissioner to deliver the deed upon payment of the purchase price. Said judgment may be rendered by the clerk of the Superior Court, subject to appeal in the same manner as appeals are taken from other judgments of said clerk."

It is manifest that these statutory provisions require a person having an interest in the property involved in a tax foreclosure action to file exceptions to the report of a particular sale and to appeal from an adverse ruling on such exceptions when, and only when, his exceptions challenge the validity of the steps taken by the commissioner in conducting the particular sale, or the fairness of the particular sale in respect to price or other factors to the parties concerned. They do not apply to objections which are addressed to the validity of the judgment of sale itself. In consequence, a person having an interest in the property involved in a tax foreclosure action does not lose the benefit of an aptly taken objection to the validity of the judgment of sale by failing to file exceptions to the report of a particular sale made under it, or by failing to take a specific appeal from an order confirming such particular sale. A proper legal objection to the validity of a judgment of sale in and of itself puts in issue the validity of all proceedings under it.

When he undertook to confirm the commissioner's fifth sale, the clerk of the Superior Court had before him an unheard and undetermined motion in the cause, which challenged the validity of the judgment of sale, and thus put at issue the validity of the attempted confirmation and all other proceedings taken under the judgment of sale. The clerk may have found a somewhat unhallowed precedent for his conduct in Lydford Law.

> "I oft have heard of Lydford Law,
> How in the morn they hang and draw,
> And sit in judgment after."

His action was certainly not in harmony with orderliness of procedure, or the rule which declares it to be improper for a court to take action in a cause while an undetermined motion is pending before it, unless the subsequent determination of the motion either way cannot affect the validity of the action taken. See, in this connection, *Phillips v. Manufacturing Trust Co.*, 101 F. 2d 723; *Johnson v. City of Sebring*, 104 Fla. 584, 140 So. 672; *Cobb v. Trammel*, 73 Fla. 574, 74 So. 697; *Central Deep Creek Orchard Co. v. C. C. Taft Co.*, 34 Idaho 458, 202 P. 1062; *People to use of Heidinger v. U. S. Fidelity & Guaranty Co.*, 289 Ill. App. 498, 7 N.E. 2d 472; *Rohr v. Jeffery*, 128 Kan. 541, 278 P. 725; *Cannon v. Nikles*, 235 Mo. App. 1094, 151 S.W. 2d 472; *Missoula Belt Line Ry. Co. v. Smith*, 58 Mont. 432, 193 P. 529; and *Felt City Township Co. v. Felt Ins. Co.*, 50 Utah 364, 167 P. 835.

When he vacated "the judgment heretofore rendered," Judge Burgwyn annulled the judgment of sale and all proceedings had under it, including the fifth sale and the order confirming such sale. It thus appears that the decision in this cause finally turns on whether or not the judgment of sale was valid.

We assume without so deciding for the purpose of this particular appeal that Alice Knight Butler, Susie Knight and Ida Whidbee were duly served with summons by publication under the designation of "the unknown heirs of Mattie Knight."

Their time for pleading was governed by the rule of practice established by G.S. 1-100, which is as follows: "In the cases in which service by publication is allowed, the summons is deemed served at the expiration of seven days from the date of the last publication and the party so served is then in court. Such party shall have twenty days thereafter in civil actions and ten days in special proceedings in which to answer or demur."

A suit for the foreclosure of tax liens is a civil action, and not a special proceeding. This is made plain by the specific declaration of G.S. 105-391 that "the foreclosure action shall be an action in superior court, in the county in which the land is situated, in the nature of an action to foreclose a mortgage."

The date of the last publication of the requisite notice of the action was 5 October, 1951. As a consequence, the movants Alice Knight Butler, Susie Knight, and Ida Whidbee were served with summons in legal contemplation on 12 October, 1951, and had twenty days after that day in which to answer or demur. Despite this fact, the judgment of sale was taken against the movants by default for want of an answer on 23 October, 1951. This being true, the judgment of sale was entered against the movants contrary to the course and practice of the court before their time for pleading had expired.

It necessarily follows that the judgment of sale constituted an irregular judgment, and that Judge Burgwyn acted in conformity to law in annulling it and all proceedings had under it pursuant to the motion in the cause. Such motion was filed within a reasonable time, and disclosed that the judgment of sale injuriously affected the right of the movants to redeem the land. McIntosh: North Carolina Practice and Procedure in Civil Cases, section 653.

Judge Burgwyn inadvertently incorporated in his judgment certain provisions placing a specified time limit on the exercise of the right of redemption of the movants. To forestall further controversy, we hereby modify his judgment by expunging these provisions to the end that the movants may redeem the land by making the payments prescribed by the judgment at any time before the entry of a valid judgment of confirmation confirming a valid judicial sale of the land for the satisfaction of the liens in suit. As thus modified, the judgment is affirmed.

Modified and affirmed.