S. A. SCHLOSS, JR., FLORETTE SCHLOSS WILE AND MARY JANE SILVERMAN, PARTNERS, TRADING AS SCHLOSS POSTER ADVERTISING COMPANY v. W. H. JAMISON, ACTING SUPERINTENDENT OF BUILDING INSPECTION FOR THE CITY OF CHARLOTTE AND THE CITY OF CHARLOTTE, A MUNICIPAL CORPORATION.

(Filed 12 December 1962.)

1. Appeal and Error § 49—

Where there are no exceptions to the findings of fact, it will be presumed on appeal that the findings are supported by competent evidence and are therefore binding.

**2. Same;   Appeal and Error § 21—**

 Exceptions to the judgment or order of the court presents the question whether the facts found by the court are sufficient to support the conclusions of law on a judgment entered pursuant thereto, and whether error of law appears on the face of the record.

**3. Injunctions § 13—**

 In an action for a permanent injunction to restrain the enforcement of a municipal ordinance on the ground of its unconstitutionality, a temporary order issued in the cause is properly coontinued to the hearing upon a *prima facie* showing of the primary equity, and that plaintiff would suffer irreparable damage if the order were not continued to the hearing, and that injury to defendant would be inconsequential in comparison, even though defendant should prevail upon the hearing on the merits.

**4. Same;   Injunctions § 5;   Constitutional Law § 4—**

 In a suit to permanently restrain the enforcement of an ordinance, the conclusion of the court, on the hearing of the order to show cause, that the ordinance is unconstitutional as applied to plaintiff is solely for the purpose of determining whether plaintiff had established *prima facie* his primary equity, and such holding is not *res judicata* upon the question and may not be considered upon the final hearing, since the constitutionality of an ordinance or statute may not be decided upon the issuance of a temporary order but only upon the final hearing on the merits when all the facts can be shown.

APPEAL by defendants from *Copeland, S.J.*, 13 August 1962 Special "A" Term of MECKLENBURG.

Suit to restrain permanently the acting superintendent of building inspection for the city of Charlotte and the city of Charlotte from enforcing the provisions of section 23-84 of chapter 23 of the Charlotte city code, which section regulates signs in the area zoned "B-3 Business Districts," on the ground that this section of the Charlotte city code violates plaintiffs' rights guaranteed to them by Article I, sections 1 and 17 of the North Carolina Constitution, and by amendments I and XIV of the United States Constitution, heard upon an order to show cause why a temporary injunction should not be granted.

The show cause order was heard by Judge Copeland upon the verified pleadings of the parties offered as affidavits, the affidavit of S. A. Schloss, Jr., and the arguments of counsel. Based upon admissions in the answer of facts alleged in the complaint and upon detailed findings of fact made for the purposes of the order, the judge signed a temporary injunction restraining, until a final trial upon the merits, defendants from enforcing the provisions of section 23-84 of chapter 23 of the Charlotte city code as it relates to plaintiffs' business, provided plaintiffs shall conform to such regulations as are imposed by the pro-

visions of this section of the city code with respect to business signs projecting into the street right-of-way in the area zoned as "B-3 Business Districts."

This is a summary of the essential admissions in the answer and of the essential findings of fact set forth in the order granting a temporary injunction:

Plaintiffs are, and have been for many years, engaged in an outdoor advertising business in Charlotte, with an investment of many thousands of dollars and 17 employees. Their business consists of the construction by them on leased premises of outdoor advertising structures, the selling of space on these structures, and the placing and maintaining thereon advertising of their customers. They have in Charlotte as competitors for the advertising dollars two firms engaged in similar business, two newspapers, and TV and radio stations. They have built and own in Charlotte about 500 outdoor advertising structures attached to or placed on leased buildings and land, about one-fifth of which are located in the area zoned as "B-3 Business Districts" in the Charlotte city code.

On 29 January 1962 the Charlotte city council enacted and put into effect a new comprehensive zoning ordinance, which is ordinance 62 and is set forth in chapter 23 of the city code, which is made a part of the findings of fact. Section 23-2, (22), (a), of the city code defines an "Advertising Sign" as "A sign which directs attention to a business, commodity, service or entertainment conducted, sold or offered: (1) Only elsewhere than upon the premises where the sign is displayed, or (2) As a minor and incidental activity upon the premises where the sign is displayed." Section 23-2, (22), (b), of the city code defines a "Business Sign" as "A sign which directs attention to a business, profession or industry located upon the premises where the sign is displayed, to type of products sold, manufactured or assembled, and/or to service or entertainment offered on said premises, but not a sign pertaining to the preceding if such activity is only minor and incidental to the principal use of the premises." Section 23-84 of the city code, entitled "B-3 Business Districts," permits in the area thus zoned only Identification and Business Signs, with no limitation of the number or maximum area of the permitted signs, but with a limitation as to the projection of such signs into the street right-of-way, and prohibits all new "Advertising Signs," as such signs are defined in the city code, in that area which advertise businesses and other activities conducted elsewhere than on the particular property on which the sign is located.

The value of plaintiffs' services to their customers is based upon the exposure of their locations to motor vehicular traffic. Though their

locations in the area zoned as "B-3 Business Districts" comprise only about 20% of their locations in Charlotte, these locations, as measured by standard outdoor advertising traffic measurements, provide more than 20% of the exposure of their locations to such traffic. Advertisers demand coverage in all business and industrial areas in Charlotte in accordance with nationally accepted advertising practice, and without being able to afford such services they cannot successfully compete with their business rivals.

Plaintiffs' leases of locations for their "Advertising Signs" are for periods of one to three years, and are terminable at the discretion of the lessor upon 30 days' notice, if the premises are sold or put to some other use, and because of the growth and change in Charlotte causing a termination of their leases, they must relocate 20% of their signs each year, including their signs in the area zoned as "B-3 Business Districts." Between the effective date of chapter 23 of the city code and the institution of this suit, due to the termination of their leases, they have lost ten sign locations in the area zoned as "B-3 Business Districts." If they are not permitted to seek new locations for their "Advertising Signs," as such signs are defined in the city code, in the area zoned as "B-3 Business Districts," and if their "Advertising Signs," as defined in the city code, are excluded from this area, they will suffer heavy losses of business, their investment in their business will be jeopardized, many, if not all, of their employees will lose their jobs, and they have no adequate remedy at law to contest the validity of section 23-84 of chapter 23 of the city code which will save their business from irreparable damage, unless equitable relief is granted. The damage which plaintiffs will suffer, pending a trial on the merits, if section 23-84 of the ordinance is enforced will greatly exceed any damage defendants may suffer by reason of the issuance of a temporary injunction pending a final trial.

Judge Copeland made conclusions of law, which we summarize in part:

Even if the statute authorizing Charlotte to enact zoning regulations does purport to authorize enactment of section 23-84 of chapter 23 of the city code, permitting in the area zoned as "B-3 Business Districts" Identification and Business Signs, but prohibiting therein "Advertising Signs," which are the signs used by plaintiffs in their business, this section as applied to plaintiffs violates their constitutional right to equal protection of the laws, in that the distinction between "Advertising Signs," as defined in the city code, and "Business Signs," as defined in the city code, is not based upon consideration of health, morals, safety or general welfare, or any other considerations, justifying the exercise of police power, and that this section of the city code as it

operates with respect to plaintiffs and their business is arbitrary and capricious, and "violates constitutional provisions pleaded in the complaint." Plaintiffs have established a *prima facie* case for the granting of a permanent injunction, and it is within the equitable powers of the court to grant a temporary injunction to preserve the *status quo* of the parties and the operation of plaintiffs' business free of the challenged provisions of the Charlotte city code, until the rights of the parties can be finally adjudicated.

From the order granting the temporary injunction, defendants appeal.

*John T. Morrisey, Sr., for defendant appellants.*
*Hunter M. Jones and James O. Cobb for plaintiff appellees.*

PARKER, J.   Defendants have only one assignment of error, and that is the court erred in signing the order granting a temporary injunction. Defendants have no exceptions to the findings of fact and to the conclusions of law.

Where no exceptions have been taken to the findings of fact, such findings are presumed to be supported by competent evidence and are binding on appeal. *Insurance Co. v. Trucking Co.,* 256 N.C. 721, 125 S.E. 2d 25; *Goldsboro v. R.R.,* 246 N.C. 101, 97 S.E. 2d 486. However, the exception to the signing of the order presents the questions whether the facts found are sufficient to support the conclusions of law and the order granting a temporary injunction entered pursuant thereto, and whether there is error of law appearing on the face of the record proper. *Logan v. Sprinkle,* 256 N.C. 41, 123 S.E. 2d 209; *Webb v. Gaskins,* 255 N.C. 281, 121 S.E. 2d 564; Strong's Supplement to Vol. I of the N. C. Index, Appeal and Error, sec. 21, where numerous cases are cited.

The right of plaintiffs to test the challenged provision of the Charlotte city code by injunction is not controverted. There is ample authority for the suit. *Surplus Store, Inc. v. Hunter,* 257 N.C. 206, 125 S.E. 2d 764; *Clinard v. Winston-Salem,* 217 N.C. 119, 6 S.E. 2d 867; *Loose-Wiles Biscuit Co. v. Sanford,* 200 N.C. 467, 157 S.E. 432.

The injunctive relief here sought is not merely auxiliary to the principal relief demanded, but it is the relief, and a permanent injunction is demanded. In our opinion, the admissions in the answer of facts alleged in the complaint and the judge's detailed findings of fact are sufficient to show that plaintiffs have made out an apparent case that their property rights will suffer irreparable damage by the threatened enforcement of an alleged unconstitutional provision of the Charlotte city code, if the enforcement of this challenged provision of the city code is not restrained until the hearing on the merits, that

the questions presented are grave, and that there is a reasonable apprehension that injury to plaintiffs will be certain and disastrous, if the application for a temporary injunction be denied and the final judgment be in their favor, while if the temporary restraining order be continued to the final hearing, the injury to defendants, even if the final judgment be in their favor, will be inconsiderable as compared with plaintiffs' damage if they should finally prevail. The judge correctly preserved the matter intact until the suit can be heard upon its merits. *Restaurant, Inc. v. Charlotte*, 252 N.C. 324, 113 S.E. 2d 422; *Huskins v. Hospital*, 238 N.C. 357, 78 S.E. 2d 116 (Interlocutory injunctions); *Clinard v. Winston-Salem, supra; Advertising Co. v. Asheville*, 189 N.C. 737, 128 S.E. 149; *Marshall v. Commissioners*, 89 N.C. 103; *Ohio Oil Co. v. Conway*, 279 U.S. 813, 73 L. Ed. 972.

The sole question presented to the judge on the show cause order was whether an interlocutory injunction should be granted until the hearing on the merits. Judge Copeland granted the interlocutory injunction upon a showing of equitable grounds for injunctive relief, and then went further and concluded as a matter of law that the challenged portion of the Charlotte city code "violates constitutional provisions pleaded in the complaint."

*Carbide Corp. v. Davis*, 253 N.C. 324, 116 S.E. 2d 792, quotes 16 C.J.S., Constitutional Law, sec. 95, as follows: " 'The constitutionality of a statute will not be determined on the question being raised in a collateral proceeding, or on preliminary motions, or interlocutory order * * *.' "

This Court said in *Patterson v. Hosiery Mills*, 214 N.C. 806, 200 S.E. 906:

> "The judge hearing the order to show cause why the injunction should not be continued to the hearing had no jurisdiction to hear and determine the controversy on the merits, and his findings of fact and conclusions of law were but instruments of decision in the matter before him. These findings and conclusions were not authoritative as 'the law of the case' for any other purpose, and the judgment or order was not *res adjudicata* on the final hearing in the court below, and was not invested with that character by any action or nonaction by this Court on appeal. North Carolina Practice and Procedure, McIntosh, page 993, section 876."

See *Durham v. Public Service Co.*, 257 N.C. 546, 559, 126 S.E. 2d 315, 324-5.

This Court said in *Huskins v. Hospital, supra:*

> "7. The findings of fact and other proceedings of the judge who hears the application for an interlocutory injunction are not bind-

ing on the parties at the trial on the merits. Indeed, these findings and proceedings are not proper matters for the consideration of the court or jury in passing on the issues determinable at the final hearing. *Branch v. Board of Education, supra* (230 N.C. 505, 53 S.E. 2d 455); *Grantham v. Nunn,* 188 N.C. 239, 124 S.E. 309; *Hudnell v. Lumber Co.,* 180 N.C. 48, 103 S.E. 893."

In *Carbide Corp. v. Davis, supra,* the fourth headnote in our reports reads:

"In an action to restrain the violation of the North Carolina Fair Trade Act, it is error for the court upon the hearing of an order to show cause why the temporary restraining order theretofore issued should not be continued to the hearing, to dissolve the temporary order on the ground of the unconstitutionality of the statute, since constitutional questions were not before the court on the hearing and could be concluded only by a final judgment on the merits allowing or denying a permanent injunction."

The constitutionality of a statute or ordinance should not be decided in an interlocutory injunction on pleadings and an *ex parte* affidavit, but should be determined at the hearing on the merits, when all the facts can be shown. The judge's conclusion of law that the challenged section of the Charlotte city code "violates constitutional provisions pleaded in the complaint" is not *res judicata* on the final hearing on the merits, and is not, as well as the findings of fact, a proper matter for consideration of the court or jury in passing on the issues for decision at the hearing on the merits. It is to be understood that nothing herein stated shall be construed as the expression of an opinion as to whether or not the challenged section of the Charlotte city code is constitutional or unconstitutional. This is a matter for the superior court on the final hearing on the merits, when all the evidence has been presented.

The admissions in the answer of facts alleged in the complaint and the unchallenged findings of fact support the conclusions of law and the order granting the temporary injunction entered pursuant thereto, and no error of law appears upon the face of the record proper. The temporary injunction issued below is

Affirmed.