IN THE MATTER OF J. PRESTON JOHNSON, PROFESSIONAL
BONDSMAN

No. 7514SC311

(Filed 6 August 1975)

Arrest and Bail § 11— bondsman — misconduct — jurisdiction of superior court to regulate

While the General Assembly by local act granted local government officials authority to regulate professional bondsmen in Durham County, such grant of authority was not exclusive, and the superior court was not precluded from promulgating rules governing and regulating professional bondsmen offering bonds in that court; therefore, the superior court had jurisdiction to hear a disciplinary proceeding against respondent bondsman for allegedly filing false weekly reports as to the outstanding bonds upon which he was liable contrary to an order entered by a superior court judge requiring bondsmen's reports.

APPEAL by respondent J. Preston Johnson from *Braswell, Judge.* Judgment entered 6 December 1974 in Superior Court, DURHAM County. Heard in the Court of Appeals 17 June 1975.

**In re Johnson**

On 4 October 1974, J. Preston Johnson was orally prohibited by the presiding judge from signing any bonds or engaging in any bond activity and was ordered to show cause why his authority to act as a bondsman should not be permanently revoked. On 13 November 1974 the court prepared a document entitled "In the Matter of J. Preston Johnson, Professional Bondsman" which was subsequently marked "Order to Show Cause" by the court on 25 November 1974 and which contained, among other things, allegations concerning sixteen bonds signed by respondent. According to this show cause order, the matter was set for hearing and "Respondent was instructed orally in open court that the court would then inquire . . . whether he had violated the Court Order of Judge Edward B. Clark issued on the 11th day of October, 1973, by the failing to file the reports as required and the information as required, with the Office of the Clerk of Superior Court, and whether reports as filed had been made falsely . . . . "

The Clerk of Superior Court testified about the irregularities in respondent's weekly reports. Respondent denied that he had wilfully falsified his weekly reports.

In 1949 the General Assembly passed a local act regulating the bail bonding business in Durham County. With certain modifications enacted in subsequent sessions of the Legislature, this act is still in effect. On 11 October 1973 Judge Clark issued an order in the Superior Court of Durham County, imposing additional restrictions on professional bondsmen in Durham County. This order provides, among other things, that every professional bondsman must file a report each week with the clerk "showing all outstanding bail bonds upon which he is liable." Bondsmen were allowed to write bonds in a total sum of four times their deposit with the clerk.

On 6 December 1974 the court entered judgment that respondent had wilfully or negligently filed inaccurate weekly reports to the clerk. The court enjoined respondent from engaging in the criminal bail bonding business in the General Court of Justice for Durham County for a period of one year. From the judgment entered, respondent appealed.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Taylor, Upperman and Johnson, by Herman L. Taylor and Kenneth M. Johnson, for respondent appellant.*

MARTIN, Judge.

Respondent contends the court erred in denying his motion to dismiss the proceedings for want of jurisdiction. It is his contention that jurisdiction of the matter in question is conferred by statute in the Durham County Commissioners or the City Council of Durham and that jurisdiction in the Superior Court is derivative so that the County Commissioners and City Council are vested with primary jurisdiction.

If this was a question of the revocation of a license to engage in the bonding business then we think the position of respondent would have merit. *See State v. Parrish*, 254 N.C. 301, 118 S.E. 2d 786 (1961). However, the court proceeded to hear the matter as a disciplinary proceeding to determine whether respondent had violated Judge Clark's order in the conduct of his business before the court. While the General Assembly, by local act, granted local government officials authority to regulate professional bondsmen in Durham County, it was not an exclusive grant of authority, and the court was not precluded from promulgating rules governing and regulating professional bondsmen offering bonds in said court. The record discloses that three superior court judges, presiding over the courts of Durham County, found it necessary to enter orders governing the conduct of professional bail bondsmen. Judge Clark entered an order 11 October 1973 entitled, "In the Matter of Professional Bondsmen in Durham County," pertinent parts of which are as follows:

> "It appearing to the Court that previous orders made by this Court relating to the conduct and procedure of professional bondsmen in Durham should be consolidated, modified, and clarified, IT IS THEREFORE ORDERED AND DECREED as follows:
>
> 1. *Reports of Bondsmen.*
>
> Every professional bondsman doing business in Durham County, either licensed or unlicensed, shall on or before the close of business on each Monday file a written report with the Clerk of Superior Court of Durham County showing all outstanding bail bonds upon which he is liable, said report to include the case number, the name of the defendant, the amount of the bond, and shall be complete through midnight on the Saturday preceding the date of the report."

Section 9 of the order, designated "Effective Date," is as follows:

> "This Order shall become effective immediately, and shall remain in full force and effect until amended or abolished by Order of a Judge of Superior Court assigned to Durham County or by the Resident Judge of the Fourteenth Judicial District."

The presiding judge made extensive findings of fact. No exceptions were made to those findings of fact. Where no exceptions have been taken to the findings of fact, such findings are presumed to be supported by competent evidence and are binding on appeal. *Schloss v. Jamison,* 258 N.C. 271, 128 S.E. 2d 590 (1962). In its order the trial judge concluded as a matter of law that:

> "7. Judge Clark's Order of October 12, 1973 (sic) was and is a lawful order of the Superior Court of Durham County. J. Preston Johnson, who had personal service of copy thereof upon him had a duty to comply with its terms. Thus, for the span of seven weeks, May 24 through July 13, 1974, he knowingly filed weekly reports that did not truly and accurately show the bonds upon which he had personally become obligated as a bondsman. He either wilfully failed to show the sixteen bonds, . . . , as outstanding bail bonds upon which he was liable, or he was grossly and culpably negligent in filing inaccurate weekly reports. His weekly reports for the period in question were false.
>
> 8. As the Clerk of the Superior Court was requiring a security deposit at the time, and as the Clerk of the Superior Court was limiting the professional bondsmen to the writing of bonds not to exceed four times their security deposit, the false reports of the Respondent were an aid to him to keep him from ever exceeding the security deposit limits required of him by the Clerk. With his reports always showing a smaller amount of liability than his true financial picture, it would tend to keep him in the good graces of the Clerk and the several Courts. It would prevent him from having to post additional security with the Clerk."

While it does not appear that respondent obligated himself as surety beyond the limits set by the clerk, nevertheless, his failure to file accurate reports was a clear violation of Judge Clark's order. The order of Judge Clark made reasonable re-

quirements governing and regulating professional bondsmen offering bonds in the General Court of Justice for Durham County. They clearly come within the inherent powers of the court and may be properly supervised by the court.

We have carefully reviewed respondent's remaining assignment of error and find it without merit. Respondent was adequately apprised of the charges against him.

The order appealed from is

Affirmed.

Judges BRITT and HEDRICK concur.