646 S.E.2d 631 (2007)
In the Matter of J.Z.M., R.O.M., R.D.M., and D.T.F., Minor Children.
No. COA06-1242.
Court of Appeals of North Carolina.
July 3, 2007.
Mecklenburg County Attorney's Office, by Tyrone C. Wade, for petitioner-appellee.
Charlotte Gail Blake, Jefferson, for respondent-appellant.
Womble Carlyle Sandridge & Rice, PLLC, by Sarah A. Motley, Charlotte, for the guardian ad litem.
BRYANT, Judge.
P.A.H.[1] (respondent-mother) appeals from an order dated 18 April 2006 terminating her parental rights to her minor children, J.Z.M., R.O.M., and R.D.M. The order dismissed the petition to terminate parental rights as to her minor child, D.T.F. The respondent-father, W.M., is not a party to this appeal. For the reasons below, we reverse the order of the trial court.

Facts and Procedural History
Respondent-mother and respondent-father lived together since February of 1994, were married in May of 1997, and were divorced in late 2003. Charlotte-Mecklenburg Youth and Family Services' (YFS/petitioner) first referral of inappropriate discipline by respondent-mother against one of her older children in 1994 was substantiated. In 1997, YFS substantiated a second referral for unstable housing and improper supervision of the children. Another referral in late 1998 similarly alleged that the family was homeless. Subsequent referrals were made in 1999, 2000, and 2003 for allegations of domestic violence between the respondent-parents.
R.O.M. was born in 1999, J.Z.M. was born in 2002 and R.D.M. was born in 2003; all were born in Mecklenburg County. All three are children of respondent-mother and respondent-father. On 5 December 2003, YFS removed the three children from the home of their mother. The trial court, on 3 February 2004, adjudicated the children as neglected and dependent juveniles. On 10 January 2005, YFS filed petitions to terminate respondent's parental rights. The hearing to terminate parental rights was continued on 27 October 2005 to 27 January 2006 and again to 7 March 2006. On 7 March 2006, the hearing to terminate parental rights as to J.Z.M., R.O.M., R.D.M., and D.T.F. was held. The order dated 18 April 2006 terminated parental rights as to J.Z.M., R.O.M., and R.D.M. and dismissed the petition as to D.T.F. Respondent-mother appeals.
The dispositive issue before this Court is whether the trial court erred in failing to hold the initial hearing on the petition within the mandated time frame. Under North Carolina General Statute § 7B-1109, the trial court must hold the initial adjudicatory hearing on a petition to terminate parental rights "no later than 90 days from the filing of the petition or motion unless the judge pursuant to section (d) of this section orders that it be held at a later time." N.C. Gen.Stat. § 7B-1109(a) (2005). Further, "[c]ontinuances that extend beyond 90 days after the initial petition shall be granted only in extraordinary circumstances when necessary for the proper administration of justice, and the court shall issue a written order stating the grounds for granting the continuance." N.C. Gen.Stat. § 7B-1109(d) (2005).
This Court has repeatedly held that "a trial court's violation of statutory time limits in a juvenile case is not reversible error per se." In re S.N.H., 177 N.C.App. 82, 86, 627 S.E.2d 510, 513 (2006) (citing In re C.J.B., 171 N.C.App. 132, 614 S.E.2d 368 (2005)). "Rather, we have held that the complaining party must appropriately articulate the prejudice arising from the delay in order to justify reversal." Id. (citing In re As.L.G., 173 N.C.App. 551, 619 S.E.2d 561 (2005)). However, this Court "has gravitated towards a pattern resembling a per se rule of reversal in all cases wherein the delay was approximately six months or longer." In re J.N.S., ___ N.C.App. ___, ___, 637 S.E.2d 914, 918 (2006) (Levinson, J., concurring) (citations omitted); see also In re D.M.M., ___ N.C.App. ___, 633 S.E.2d 715 (2006) (reversing an order terminating parental rights where the trial court failed to hold the termination hearing for over one year after the *633 filing of the petition to terminate and entered its order an additional seven months after the statutorily mandated time period). In addition, this Court has held that the same logic we have determined to be applicable to the failure of trial courts to file a written termination order within the time provided in N.C.G.S. § 7B-1109(e) "must be applied to the timeliness of the termination hearing after the filing of the termination petition under [N.C.G.S. §] 7B-1109(a)." In re S.W., 175 N.C.App. 719, 722, 625 S.E.2d 594, 596, disc. review denied, 360 N.C. 534, 635 S.E.2d 59 (2006).
In the instant case, the juvenile petitions to terminate respondent's parental rights as to J.Z.M., R.O.M., and R.D.M. were filed on 11 January 2005. The initial hearing on the merits of the petitions was set for 27 October 2005, 289 days after the filing of the juvenile petition and 199 days (over six and a half months) after the deadline mandated by N.C.G.S. § 7B-1109(a). By an order dated 14 November 2005, the trial court continued this matter from the 27 October 2005 hearing date until 27 January 2006 after making the following findings:
3. . . . [W.M] was served by publication beginning August 26, 2005.
4. This matter was previously scheduled for hearing on the petitions to terminate parental rights for today; however due to other matters on the court's calendar there is insufficient time to hear the case today. The court has therefore conducted a pre-trial hearing.
5. Mr. Clifton has made a motion to withdraw citing a lack of contact with his client. The Court has denied that motion; however, will reconsider it at a later time.
6. Mr. Fuller has made a motion to continue this matter as his client was not brought over from the Mecklenburg County Jail.
7. There appear to be no other issues to be resolved prior to a hearing on the petition to terminate parental rights.
This matter was further continued from the 27 January 2006 court date by a Notice of Hearing dated 27 January 2006, setting the hearing date to 7 March 2006. While a motion to continue was filed by petitioner on 26 January 2006, no order granting the motion appears in the record before this Court, and the Notice of Hearing rescheduling the hearing date to 7 March 2006 contains no findings by the trial court as any grounds for granting a continuance as required by N.C.G.S. § 7B-1109(d). The hearing on this matter was finally held on 7 March 2006, 420 days after the filing of the juvenile petition and 330 days (almost eleven months) after the deadline mandated by N.C.G.S. § 7B-1109(a). This combined delay is an egregious violation of both N.C.G.S. § 7B-1109(a) and § 7B-1109(d) and thus we must reverse the order of the trial court. See In re D.M.M., ___ N.C.App. at ___, 633 S.E.2d at 718 ("The trial court erred and prejudiced respondent and her children when it failed to hold the termination hearing for over one year after DSS filed its petition to terminate and by entering its order an additional seven months after the statutorily mandated time period.").
Further, respondent sets forth with specificity exactly how she was prejudiced by the failure of the trial court to comport with the statutory mandate as to holding the initial adjudicatory hearing on a petition to terminate parental rights. Respondent notes that R.D.M. was only five months old when removed from respondent's care; while J.Z.M. was not quite two-years old and R.O.M. was four and a half years old. Initially respondent was granted visitation with her children. On 1 November 2004, the trial court changed the permanent plan for J.Z.M, R.O.M., and R.D.M. to adoption and ended reasonable efforts to reunify them with respondent. Even though the trial court found as fact that "[v]isitation between [R.O.M.] and [respondent] is desirable based on the therapist's recommendations," petitioner ceased all visitation between respondent and her children. At this point, when respondent was no longer able to visit her children, R.D.M. was sixteen months old, J.Z.M. was not quite three years old, and R.O.M. was just over five years old.
The egregious delay in conducting the hearing in this matter constituted a de facto termination of her parental rights fourteen months prior to this matter actually coming before the trial court. For fourteen months, *634 respondent was denied the company and familial relationship with her children solely through the inaction of petitioner and the trial court. Respondent has thus established that she was prejudiced by the delay in hearing the petition seeking the termination of her parental rights. In light of our holding, it is unnecessary to consider respondent's remaining assignments of error. The trial court's order is reversed.
Reversed.
Judge LEVINSON concurs in the result only in a separate opinion.
Judge STEELMAN dissents in a separate opinion.
STEELMAN, Judge, dissenting.
I must respectfully dissent from the majority opinion. In these matters, petitions to terminate parental rights were filed on 11 January 2005, and served upon respondent-mother on 17 January 2005. Because the fathers could not be located, they were served by publication, commencing on 8 April 2005 and 26 August 2005. (R p. 121) No hearing could proceed until the fathers of the children were served. These matters were scheduled for hearing on 27 October 2005 by notice of hearing dated 16 September 2005. (R p. 116) This hearing was continued based upon two factors. First, due to other matters on the docket, there was not time to hear the case; and second, attorney for one of the fathers moved to continue the case. The matter was set for hearing on 27 January 2006. It was again rescheduled because the social worker involved with the case gave birth to a child on 21 January 2006 and was unavailable for trial. The case was rescheduled and heard on 7 March 2006.
The hearing was thus outside of the ninety (90) day time period prescribed by North Carolina General Statute § 7B-1109. The majority correctly recites the law of this State that a violation of the statutory time limits in a juvenile case is not reversible error per se. However, it goes on to find prejudice in this case based solely upon the length of the delay, with no analysis of the prejudice asserted by respondent-mother. I submit that such an analysis amounts to the adoption of a per se prejudice rule. It should be noted that the case relied upon by the majority, In re D.M.M, ___ N.C.App. ___, 633 S.E.2d 715 (2006), there was a detailed analysis of the appellant's assertions of prejudice, apart from the discussion of the length of the delay. ___ N.C.App. at ___, 633 S.E.2d at 717-18. It is ultimately the nature of the prejudice shown, not the length of the delay which must control in these cases.
This appeal must be decided upon whether respondent-mother has shown sufficient prejudice suffered as a result of the delay to merit reversal. I would hold that she has not. Respondent-mother argues:
Because the children were not allowed to visit with their mother, they necessarily became more comfortable with their foster parents during this extending time period prior to the termination hearing. The children were deprived of the company of their mother, their siblings and other family members. The foster parents were not able to pursue adoption, if that became appropriate. Despite the clear legislative intent, these children were deprived from the timely implementation of a permanent plan for them.
Respondent-mother's argument ignores several crucial matters. The reason for the intervention by DSS was substance abuse and domestic violence. A plan was adopted to assist respondent-mother in rectifying these problems. The trial court found:
25. The respondent mother has not complied with the case plan or resolved any of the issues which led to placement of these children in custody. The respondent mother has not demonstrated the ability to provide consistent care and supervision for any of her children. After the respondent mother was discharged from the NOVA program, she contacted them and they consistently told her to go to individual therapy. She did not do that.
This finding of fact is not challenged on appeal, and thus is binding upon this Court. Schloss v. Jamison, 258 N.C. 271, 275, 128 S.E.2d 590, 593 (1962) ("Where no exceptions have been taken to the findings of fact, such findings are presumed to be supported by *635 competent evidence and are binding on appeal."). This finding supports the trial court's conclusion of law that a basis for termination existed under North Carolina General Statute § 7B-1111(a)(2).
Respondent-mother's asserted prejudice in no manner negates this finding and conclusion. She merely asserts that she was deprived of the right to visit with the children. No assertion is made that had she been allowed visitation that she would have been able to demonstrate that she had rectified her substance abuse and domestic violence issues. The evidence presented was clearly to the contrary. Although respondent-mother had the benefit of additional time to correct the problems that led to the removal of the children, she failed to take advantage of this opportunity. See In re C.M., ___ N.C.App. ___, 644 S.E.2d 630, ___ (2007)(No. COA07-16)(finding no prejudice when delay in violation of N.C. Gen.Stat. § 7B-1109(a) inured to respondent's benefit).
The majority opinion confuses personal prejudice with legal prejudice and cannot show that the delay in any manner affected the outcome of her case.
Respondent-mother has not showed prejudice that would support reversal in this matter. The order of the trial court should be affirmed.
LEVINSON, Judge concurring in the result.
I only agree to reverse the order on appeal because I am compelled to do so. See In the Matter of Appeal from Civil Penalty, 324 N.C. 373, 379 S.E.2d 30 (1989). In the following discussion, I refer to the opinion by Judge Wanda Bryant as the "lead" opinion and Judge Steelman's opinion as the "dissent."
I have previously expressed my disagreement with this Court's "prejudice" line of authorities that resolve assignments of error made to failures of our trial courts to adhere to Juvenile Code deadlines. See, e.g., In re B.M., ___ N.C.App. ___, ___, 643 S.E.2d 644, ___ (2007); In re J.N.S., ___ N.C.App. ___, 637 S.E.2d 914 (2006). Like the orders in B.M. and J.N.S., it is my view that we should resolve the substantive merits of whether the order on appeal should be reversed because of legal error, or affirmed because of the absence of legal error. Nonetheless, I am compelled to agree with the lead opinion that, based upon the application of the "standard" this Court utilizes to examine "prejudice" for delays, respondent has articulated sufficient prejudice to warrant reversal.
I respectfully disagree with the lead opinion to the extent it concludes this Court "must" reverse the order on appeal because of the passage of time; the opinion apparently concludes we "must" reverse the order without first examining prejudice as an essential part of the analysis. This Court is not, as a matter of law, required to reverse the subject order merely because of the failure of the trial court to adhere to time standards in the Juvenile Code. I also disagree with the lead opinion to the extent it states that the delay here constituted a "de facto termination of parental rights." And I disagree with the lead opinion to the extent it assigns "sole" responsibility for the delays on the petitioner and the trial court. On the contrary, as expressed in the dissent, there are reasons unassociated with either petitioner or the trial court for the delays.
NOTES
[1] Initials have been used throughout to protect the identity of the juveniles.