[362 N.C. 167 (2008)]

IN THE MATTER OF J.Z.M., R.O.M., R.D.M., AND D.T.F., MINOR CHILDREN

No. 366A07

(Filed 25 January 2008)

## Termination of Parental Rights— failure to conduct hearing within 90 days—absence of prejudice

The decision of the Court of Appeals in this case reversing an order terminating respondent's parental rights because the termination hearing was not held within the 90-day period prescribed by N.C.G.S. § 7B-1109 is reversed for the reasons stated in the dissenting opinion that respondent failed to show that she was prejudiced by the delay where she merely asserted that she was deprived of the right to visit with the children, she made no assertion that had she been allowed visitation she would have been able to demonstrate that she had rectified her substance abuse and domestic violence issues which led to the removal of the children, and the delay gave the respondent additional time to rectify those issues but she failed to take advantage of this opportunity.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 184 N.C. App. 474, 646 S.E.2d 631 (2007), reversing an order signed on 18 April 2006 by Judge Louis A. Trosch, Jr. in District Court, Mecklenburg County. Heard in the Supreme Court 10 December 2007.

*Mecklenburg County Attorney's Office, by J. Edward Yeager, Jr. and Tyrone C. Wade, for petitioner-appellant Mecklenburg County Department of Social Services.*

*Womble Carlyle Sandridge & Rice, PLLC, by Sarah A. Motley, for appellant Guardian ad Litem.*

*Charlotte Gail Blake for respondent-appellee mother.*

PER CURIAM.

For the reasons stated in the dissenting opinion, the decision of the Court of Appeals is reversed. This case is remanded to the Court of Appeals for consideration of respondent's remaining assignments of error.

REVERSED AND REMANDED.