[191 N.C. App. 158 (2008)]

IN THE MATTER OF: J.Z.M., R.O.M., R.D.M., AND D.T.F., MINOR CHILDREN

No. COA06-1242-2

(Filed 17 June 2008)

**Termination of Parental Rights— willfully leaving children in foster care without reasonable progress—clear, cogent, and convincing evidence**

The trial court did not err by concluding that grounds existed to terminate respondent mother's parental rights because: (1) there was clear, cogent, and convincing evidence to support the trial court's determination under N.C.G.S. § 7B-1111(a)(2) that respondent willfully left the children in foster care for more than twelve months without showing to the satisfaction of the court that reasonable progress under the circumstances had been made; (2) respondent failed to complete the NOVA program to address domestic violence issues; (3) respondent failed to attend therapy sessions on a regular basis as recommended; and (4) respondent did not comply with her case plan and failed to address the issues which led to the removal of her children.

Upon remand by order of the North Carolina Supreme Court, appeal by respondent from order dated 18 April 2006 by Judge Louis A. Trosch in Mecklenburg County District Court. Heard in the Court of Appeals 29 March 2007.

*Mecklenburg County Attorney's Office, by Tyrone C. Wade, for petitioner-appellee.*

*Charlotte Gail Blake for respondent-appellant.*

*Womble Carlyle Sandridge & Rice, PLLC, by Sarah A. Motley, for the guardian ad litem.*

BRYANT, Judge.

This case originally came before this Court on 29 March 2007, by P.A.H.'s[1] (respondent) appeal from an order entered 18 April 2006 terminating her parental rights to the minor children, J.Z.M., R.O.M., and R.D.M. and dismissing the petition to terminate parental rights as to her minor child, D.T.F. On 3 July 2007, this Court filed a non-unanimous opinion reversing the trial court's order because the

---

1. Initials have been used throughout to protect the identity of the juveniles.

**IN RE J.Z.M., R.O.M., R.D.M., & D.T.F.**

[191 N.C. App. 158 (2008)]

adjudicatory hearing was not held within the time frame established by N.C. Gen. Stat. § 7B-1109(a) and the delay was prejudicial to respondent. *In re J.M., R.M., R.M., D.F.,* 184 N.C. App. 474, 646 S.E.2d 631 (2007). Charlotte-Mecklenburg Youth and Family Services' (YFS/petitioner) appealed to the North Carolina Supreme Court as a matter of right pursuant to N.C. Gen. Stat. § 7A-30(2). The Supreme Court reversed the decision of this Court for the reasons stated in the dissenting opinion which held respondent failed to demonstrate she was prejudiced by the delayed hearing. *In re J.Z.M.,* 362 N.C. 167, 655 S.E.2d 832 (2008). The Supreme Court remanded the case to this Court for consideration of the remaining assignment of error raised by respondent's appeal. *Id.* For the reasons given below, we affirm the order of the trial court.

### Facts and Procedural History

Respondent-mother and respondent-father lived together since February of 1994, were married in May of 1997, and were divorced in late 2003. YFS' first referral of inappropriate discipline by respondent-mother against one of her older children in 1994 was substantiated. In 1997, YFS substantiated a second referral for unstable housing and improper supervision of the children. Another referral in late 1998 similarly alleged that the family was homeless. Subsequent referrals were made in 1999, 2000, and 2003 for allegations of domestic violence between the respondent-parents.

R.O.M. was born in 1999, J.Z.M. was born in 2002 and R.D.M. was born in 2003; all were born in Mecklenburg County. All three are children of respondent-mother and respondent-father. On 5 December 2003, YFS removed the three children from the home of their mother. The trial court, on 3 February 2004, adjudicated the children as neglected and dependent juveniles. On 10 January 2005, YFS filed petitions to terminate respondent's parental rights. The hearing to terminate parental rights was continued on 27 October 2005 to 27 January 2006 and again to 7 March 2006. On 7 March 2006, the hearing to terminate parental rights as to J.Z.M., R.O.M., R.D.M., and D.T.F. was held. The order dated 18 April 2006 terminated parental rights as to J.Z.M., R.O.M., and R.D.M. and dismissed the petition as to D.T.F. Respondent-mother appeals.

In the remaining assignment of error before this Court, respondent argues the trial court erred in concluding that grounds existed to terminate her parental rights to the children because the findings of fact were not supported by competent evidence. We disagree.

IN RE J.Z.M., R.O.M., R.D.M., & D.T.F.

[191 N.C. App. 158 (2008)]

"On appeal, the standard of review from a trial court's decision in a parental termination case is whether there existed clear, cogent, and convincing evidence of the existence of grounds to terminate respondent's parental rights." *In re Oghenekevebe*, 123 N.C. App. 434, 439, 473 S.E.2d 393, 398 (1996). The trial court's findings in this regard are binding on appeal "even though there may be evidence to the contrary." *In re Williamson*, 91 N.C. App. 668, 674, 373 S.E.2d 317, 320 (1988) (citation omitted). "It is the duty of the trial judge to consider and weigh all of the competent evidence, and to determine the credibility of the witnesses and the weight to be given their testimony." *In re Gleisner*, 141 N.C. App. 475, 480, 539 S.E.2d 362, 365 (2000) (citation omitted).

Here, the trial court terminated respondent-mother's parental rights under N.C. Gen. Stat. § 7B-101(15) (neglect) and N.C. Gen. Stat. § 7B-1111(a)(2) (willfully leaving the child in foster care for more than twelve months without showing to the satisfaction of the court that reasonable progress under the circumstances had been made). Because we find clear, cogent and convincing evidence to support the trial court's determination that grounds existed to terminate respondent-mother's parental rights based on willfully leaving the children in foster care for more than twelve months without showing to the satisfaction of the court that reasonable progress under the circumstances had been made. *In re B.S.D.S.*, 163 N.C. App. 540, 546, 594 S.E.2d 89, 93-94 (2004).

North Carolina General Statute § 7B-1111(a)(2) (2007) provides for termination of parental rights if "[t]he parent has willfully left the juvenile in foster care or placement outside the home for more than 12 [twelve] months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made in correcting those conditions which led to the removal of the juvenile." *Id.* Willfulness under this section means something less than willful abandonment and does not require a finding of fault by the parent. *Oghenekevebe*, 123 N.C. App. at 439, 473 S.E.2d at 398.

Respondent argues the trial court's finding that grounds existed to terminate her parental rights on the basis of willfully leaving the children in foster care for more than twelve months without showing to the satisfaction of the court that reasonable progress under the circumstances had been made was not supported by competent evidence. Respondent argues she made substantial progress in correcting the conditions that led to the removal of her children. The trial court made the following relevant findings:

**IN RE J.Z.M., R.O.M., R.D.M., & D.T.F.**

[191 N.C. App. 158 (2008)]

22. The respondent mother did not complete parenting education as required by her case plan. . . .

. . .

25. The respondent mother has not complied with the case plan or resolved any of the issues which led to placement of these children in custody. The respondent mother has not demonstrated the ability to provide consistent care and supervision for any of her children. After the respondent mother was discharged from the NOVA program, she contacted them and they consistently told her to go to individual therapy. She did not do that.

According to the mediation plan entered into on 28 January 2004 by respondent and YFS, respondent was required to complete a F.I.R.S.T. Assessment, complete a parenting capacity evaluation and follow through on all recommendations, and attend and participate in medical and therapeutic appointments for her children. Respondent was also required to complete NOVA, a domestic violence program, and complete an assessment at Behavioral Health. Prior to the 28 January mediation plan, respondent had entered the NOVA program, but was terminated for lack of attendance. Respondent subsequently reentered as part of the mediation agreement. Although respondent attended 25 sessions of NOVA, she was terminated prior to phase two of the program because she did not disclose to the program administrators that she was pregnant. During the time respondent was enrolled in NOVA she actively hid her pregnancy from the program administrators as well as her YFS case worker. Kathy Broome (Ms. Broome), Senior Case Coordinator for the NOVA program, testified respondent was terminated because of her dishonesty. In addition to not completing the NOVA program, respondent failed to attend therapy sessions on a regular basis as recommended. The trial court also made the following unchallenged finding:[2]

24. Respondent mother's testimony is not credible. She testified under direct examination that she had been working with a therapist and attending appointments monthly for the last year. However, on cross examination, respondent mother acknowledged she last met with her therapist two months ago and that her next appointment is scheduled for March 21, 2006. [Respondent] testified she had only seen her therapist seven

---

2. *See Schloss v. Jamison*, 258 N.C. 271, 275, 128 S.E.2d 590, 593 (1962) ("Where no exceptions have been taken to the findings of fact, such findings are presumed to be supported by competent evidence and are binding on appeal.").

IN RE J.Z.M., R.O.M., R.D.M., & D.T.F.

[191 N.C. App. 158 (2008)]

times since the first date in 2003. No other evidence was of-
fered to support her claims and her testimony is inconsistent.
The respondent mother has not attended therapy on a regu-
lar basis.

The trial court's findings are supported by clear, cogent, and
convincing evidence that respondent did not comply with her case
plan and failed to address the issues which led to the removal of
the children.

Respondent also argues there was no evidence to support the
trial court's finding that she continued to have a relationship with
Walter M., her ex-husband. As a condition of the mediation plan,
respondent was required to complete the NOVA program to address
domestic violence issues—one of the reasons the children were
removed from the home. Respondent failed to complete the program
because she was dishonest about her relationship with Walter M. as
well as her pregnancy. Although respondent testified she had no con-
tact with Walter M., Ms. Broome testified that respondent was not
honest about her relationship with Walter M. during her time in the
NOVA program. The trial court is the trier of fact and determines the
credibility of the witnesses. *Gleisner*, 141 N.C. App. at 480, 539 S.E.2d
at 365. Although conflicting evidence was presented regarding
respondent's relationship with Walter M., there is clear, cogent and
convincing evidence to support the trial court's findings. Further, the
trial court's conclusion that grounds existed to terminate respond-
ent's parental rights on the basis of willfully leaving the children in
foster care for more than twelve months without showing to the sat-
isfaction of the court that reasonable progress under the circum-
stances had been made was supported by its findings. Therefore, this
assignment of error is overruled.

Except as modified herein, the decision of the Supreme Court
adopting the dissenting opinion and reversing the majority opinion of
this Court filed on 3 July 2007 remains in full force and effect.

AFFIRMED.

Judges STEELMAN and ARROWOOD concur.