In the Matter of: P.S.
No. COA08-540
Court of Appeals of North Carolina.
Filed October 7, 2008
This case not for publication
Peter Wood, for respondent-appellant father.
Thomas R. Young, for petitioner-appellee Alexander County Department of Social Services.
Melanie Stewart Cranford, for Guardian ad Litem.
STEELMAN, Judge.
Where the minor child was named in the caption of the summons in a proceeding to terminate parental rights, and the child's guardian ad litem was named as a respondent and accepted service of the summons, the trial court had subject matter jurisdiction. Where respondent fails to show prejudice resulting from the trial court's delay in holding the adjudicatory hearing, reversal of the court's order terminating parental rights is not warranted. The trial court's uncontested findings of fact supported its conclusion that grounds existed for termination of respondent's parental rights based upon the minor child being willfully left in foster care for twelve months (N.C. Gen. Stat. § 7B-1111(a)(2)). The trial court did not abuse its discretion in terminating respondent's parental rights. The trial court's order is remanded for correction of a clerical error.

I. Factual and Procedural Background
Respondent is the father of P.S. On 17 November 2005, Alexander County Sheriff's Department executed a search warrant for the home of P.S.'s mother, at which time law enforcement seized various controlled substances, drug paraphernalia, and firearms. As a result of this search, P.S. was taken into custody by the Alexander County Department of Social Services ("DSS"). On 11 January 2006, P.S. was adjudicated a neglected juvenile, and on 30 January 2007 DSS filed a petition to terminate the parental rights of P.S.'s mother and respondent, alleging neglect and willfully leaving the child in foster care for more than twelve months without making progress to correct the conditions which led to the removal of the child. The issues raised in the petition were controlled substances and alcohol abuse, unstable housing, failure to complete parenting classes, domestic violence, criminal behavior, and lack of financial support.
On 25 February 2008, the trial court entered an order terminating respondent's parental rights on the grounds of (1) neglect under N.C. Gen. Stat. § 7B-1111(a)(1); and (2) willfully leaving the child in foster care under N.C. Gen. Stat. § 7B-1111(a)(2) . The termination order was amended on 5 May 2008. From these orders, respondent appeals. P.S.'s mother relinquished her parental rights on 12 December 2007 and is not a party to this appeal.

II. Subject Matter Jurisdiction
In his first argument, respondent contends that the trial court lacked subject matter jurisdiction over this case on the grounds that the summons for the petition to terminate parental rights did not list the minor child as a respondent. We disagree.
The standard of appellate review for a question of subject matter jurisdiction is de novo. Raleigh Rescue Mission, Inc. v. Bd. of Adjust. of City of Raleigh, 153 N.C. App. 737, 740, 571 S.E.2d 588, 590 (2002).
N.C. Gen. Stat. § 7B-1106 (2007) governs the issuance of a summons in a termination of parental rights case and requires that the juvenile be named as a respondent. The statute provides, however, that "the summons and other pleadings or papers directed to the juvenile shall be served upon the juvenile's guardian ad litem . . ." Id. "The purpose of a summons is to give notice to a person to appear at a certain place and time to answer a complaint against him." Latham v. Cherry, 111 N.C. App. 871, 874, 433 S.E.2d 478, 481 (1993) (quotation omitted). "Service of summons on the guardian ad litem . . . constitutes service on the juvenile, as expressly stated in N.C. Gen. Stat. § 7B-1106(a)." In re J.A.P., ___ N.C. App. ___, ___, 659 S.E.2d 14, ___ (2008).
On 30 January 2007, a summons was issued that named as respondents P.S.'s mother, respondent, and the "Guardian Ad Litem Program." P.S.'s name was included in the caption of the summons, but P.S. was not named as a respondent. The summons was accepted on behalf of P.S. by the child's guardian ad litem, Kathy Martin. We are bound by the holding of this Court in J.A.P. See In re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Accordingly, we hold that service of the summons upon P.S.'s guardian ad litem constituted service on P.S. for purposes of N.C. Gen. Stat. § 7B-1106(a). The trial court had subject matter jurisdiction over these proceedings.
This argument is without merit.

III. Amended TPR Order
In his second argument, respondent contends that the trial court erred when it failed to state the standard of proof in its termination order, when it held a hearing on DSS's motion to amend the TPR Order without proper notice to his appellate counsel, and when it amended the TPR Order to state the standard of proof. We disagree.

Standard of Review  Termination of Parental Rights
Termination of parental rights is a two-step process. In re Blackburn, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001) (citation omitted). In the first phase of the termination hearing, the petitioner must show by clear, cogent and convincing evidence that a statutory ground to terminate exists. In re Young, 346 N.C. 244, 247, 485 S.E.2d 612, 614 (1997) (citation omitted). The trial court must make findings of fact which are supported by this evidentiary standard, and the findings of fact must support the trial court's conclusions of law. In re Shermer, 156 N.C. App. 281, 285, 576 S.E.2d 403, 406 (2003). "The standard of review in termination of parental rights cases is whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law." In re Shepard, 162 N.C. App. 215, 221-222, 591 S.E.2d 1, 6 (2004) (quoting In re Clark, 72 N.C. App. 118, 124, 323 S.E.2d 754, 758 (1984)); N.C. Gen. Stat. § 7B-1109(f) (2007) (governing adjudicatory hearings and requiring that "all findings of fact [] be based on clear, cogent, and convincing evidence."). "[W]e read section 7A-289.30(e) (now section 7B-1109(f)) to require the trial court to affirmatively state in its order the standard of proof utilized in the termination proceeding." In re Church, 136 N.C. App. 654, 657, 525 S.E.2d 478, 480 (2000).

A. Standard of Proof  Clerical Error
Respondent first contends that the trial court erred when it failed to state the standard of proof that it applied in the original termination order and when the court subsequently amended the order to state the standard of proof.
The trial court entered the TPR order on 25 February 2008. On 28 April 2008, DSS filed a motion to amend the order to correct clerical errors pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(a). At the conclusion of the 30 April hearing, the trial court entered an amended termination order, stating, inter alia:
10. On review of the TPR Order entered in this matter, the Court was surprised to find that this language was not present in the order as it is routine that the language is not only recited but that the language appear in each and every termination of parental rights order.
. . .
12. The insertion of the standard of proof that the court relied upon; clear, cogent and convincing evidence to be precise, merely clarifies the record which already exists and does nothing that would alter the substance of the TPR order in this case. . . . Respondent's parental rights are not any more or less terminated than they would have been otherwise and his right to appeal remains the same[.]
N.C. Gen. Stat. § 1A-1, Rule 60(a) (2007) provides, in part, "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders." "[O]ur courts have held that the trial court may correct inadvertent omissions in a judgment through a [Rule] 60(a) amendment so long as the amendment does not affect the substantive rights of the parties." Woods v. Shelton, 93 N.C. App. 649, 653, 379 S.E.2d 45, 47 (1989) (citation omitted). "A change in an order is considered substantive and outside the boundaries of Rule 60(a) when it alters the effect of the original order." Buncombe County ex rel. Andres v. Newburn, 111 N.C. App. 822, 825, 433 S.E.2d 782, 784 (1993) (citation omitted).
In the instant case, the original TPR order failed to state the standard of proof utilized by the trial court in making its findings of fact. The amended order of 5 May 2008 corrected that omission by clarifying that the findings of fact were based on clear, cogent and convincing evidence. The trial court's findings are sufficient to show that the omission of the standard of proof language from the original order was an inadvertent clerical oversight. Respondent's parental rights were not affected in any way by the entry of the amended order, and the trial court did not abuse its discretion in granting DSS's Rule 60(a) motion. See In re Peirce, 53 N.C. App. 373, 389, 281 S.E.2d 198, 208 (1981) ("[T]he judgment was properly amended to state that it was the opinion of the trial court that the best interests of the child would be best served by the termination of respondents' parental rights[.]").

B. Notice Requirement
Respondent next contends that the trial court erred when it held a hearing on the motion to amend the TPR Order when respondent's appellate counsel was not given sufficient legal notice of the hearing.
N.C. Gen. Stat. § 1A-1, Rule 60(a) provides that a judge may amend his or her own order to make clerical corrections "at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders." Id. (emphasis added). Notice and an opportunity to be heard are not required when a court amends an order to correct clerical errors. Utica Mut. Ins. Co. v. Johnson, 41 N.C. App. 299, 301, 254 S.E.2d 643, 644 (1979).
The record reveals that a copy of DSS's motion to amend was mailed and faxed to respondent's trial and appellate counsel on 28 April 2008. A hearing was scheduled for 30 April 2008. On 29 April, respondent's appellate counsel filed a response to the motion to amend the termination order, and on 30 April respondent's trial counsel appeared at the hearing on the motion. The trial court found that all parties received notice of the hearing, had an opportunity to respond and did in fact respond, and that "[n]o further notice is necessary nor required under the statute."
We hold that Rule 60 does not expressly require notice, but that respondent and his counsel received actual notice of the hearing on the motion to amend. We further note that respondent is unable to demonstrate any unfair prejudice arising from the entry of the amended order.

C. Trial Court's Jurisdiction to Amend Order
Respondent next contends that the trial court lacked jurisdiction to amend the TPR Order on the grounds that respondent had filed notice of appeal prior to the amendment of the TPR Order.
The record reveals that at the time the motion to amend was filed, the record on appeal had not been settled, and the appeal had not been docketed. Thus, the trial court retained limited jurisdiction to correct the omission of the standard of proof. See In re J.L.B.M., 176 N.C. App. 613, 628, 627 S.E.2d 239, 248 (2006) (stating that prior to an appeal being filed with an appellate court, the trial court retains jurisdiction to correct clerical errors).
Respondent's arguments regarding the amended TPR Order are without merit.

IV. Delay in Adjudicatory Hearing and Entry of Amended Order
In his third argument, respondent contends that the trial court committed prejudicial error and violated a statutory mandate by not holding the adjudication hearing within ninety days of the filing of the petition to terminate parental rights. Respondent further argues that the trial court abused its discretion by continuing the adjudication hearing multiple times. We disagree.

A. Delay in Adjudicatory Hearing
N.C. Gen. Stat. § 7B-801 states that an adjudicatory hearing shall be held no later than 60 days from the filing of the juvenile petition unless the judge orders that it be held at a later time pursuant to N.C. Gen. Stat. § 7B-803. N.C. Gen. Stat. § 7B-801(c) (2007). N.C. Gen. Stat. § 7B-803 (2007) governs continuances of adjudicatory hearings and provides:
The court may, for good cause, continue the hearing for as long as is reasonably required to receive additional evidence, reports, or assessments that the court has requested, or other information needed in the best interests of the juvenile and to allow for a reasonable time for the parties to conduct expeditious discovery. Otherwise, continuances shall be granted only in extraordinary circumstances when necessary for the proper administration of justice or in the best interests of the juvenile.
"It is ultimately the nature of the prejudice shown, not the length of the delay which must control in these cases." In re J.Z.M., 184 N.C. App. 474, 479, 646 S.E.2d 631, 634 (2007) (Steelman, J., dissenting), reversed per curiam, 362 N.C. 167, 655 S.E.2d 832 (2008) (adopting dissenting opinion of Steelman, J.).
In the instant case, the adjudication hearing was initially set for 21 March 2007. P.S.'s mother came to the hearing under the influence of marijuana and alcohol, and the court provisionally appointed a guardian ad litem for the mother and continued the matter until 4 April. The 4 April hearing was continued until 2 May on the basis that the mother's newly-appointed guardian ad litem had not had the opportunity to prepare for the hearing. From 2 to 4 May, Judge Carlton Terry heard evidence in this case. Due to the expiration of the court session, the matter was continued to 4 June. P.S.'s mother relinquished her parental rights on 4 June, which resulted in a delay of the hearing. P.S.'s mother subsequently rescinded this document prior to the expiration of the "cooling off period." N.C. Gen. Stat. § 7B-1111(a)(10). The matter was again continued on 13 June due to the fact that a different judge was holding court. On 26 October, Judge Terry granted respondent's and mother's motions for a new trial, and set the matter for hearing on 23 January 2008. The matter was heard on 12 December 2007 because mother had relinquished her parental rights for a second and final time. The hearing that is the subject of this appeal was conducted on 24 January 2008.
The delays in this matter were for good cause. Several of the delays were the result of actions by P.S.'s mother. In addition, there were circumstances beyond the control of the trial court, such as the judge being called for Army Reserve Duty and judicial scheduling issues, which accounted for various delays. Judge Terry's continuance of the case after receiving three days of testimony was to allow additional evidence, something clearly contemplated by N.C. Gen. Stat. § 7B-803.
Further, respondent has failed to show that he was prejudiced by the delays in this case. Respondent did not utilize the opportunity to work to reunite with P.S. or to correct the matters which gave rise to the petition to terminate his parental rights. "Although [respondent] had the benefit of additional time to correct the problems that led to the removal of the [child], [he] failed to take advantage of this opportunity." In re J.Z.M. at 480, 646 S.E.2d at 635 (citing In re C.M., V.K., Q.K., 183 N.C. App. 398, 405, 644 S.E.2d 630, 634 (2007) (finding no prejudice when delay in violation of N.C. Gen. Stat. § 7B-1109(a) inured to respondent's benefit)).

B. Delay in Entry of Amended TPR Order
Respondent further argues that, although the original TPR Order was timely entered, the amended order terminating his parental rights was entered more than thirty days after the termination hearing, as required by N.C. Gen. Stat. § 7B-1110(a).
N.C. Gen. Stat. § 7B-1110(a) provides that an order in a termination of parental rights proceeding "shall be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing."
As previously discussed, it is the burden of respondent to demonstrate prejudice. See In re J.Z.M. at 479, 646 S.E.2d at 634. Respondent has made no specific argument regarding prejudice caused by the entry of the amended order more than 30 days after the TPR hearing, and we find that none exists.
This argument is without merit.

V. Findings of Fact and Conclusions of Law
In his fourth argument, respondent contends that the trial court erred in concluding that respondent "has willfully failed tomake any progress correcting conditions which led to the child being placed in foster care" on the grounds that "this is not a statutory ground for termination." Respondent contends that, "[n]o finding was made as to any twelve month period. The conclusion is deficient as a matter of law."
In considering the ground for termination under Section 7B-1111(a)(2), the trial court must go through a two-part analysis and determine: (1) that a child has been willfully left by the parent in foster care or placement outside the home for over twelve months; and (2) as of the time of the hearing, that the parent has not made reasonable progress under the circumstances to correct the conditions which led to the removal of the child. In re O.C. & O.B., 171 N.C. App. 457, 464-465, 615 S.E.2d 391, 396 (2005). "With respect to the requirement that the petitioner demonstrate that the parent has not shown reasonable progress, we conclude that . . . evidence supporting this determination is not limited to that which falls during the twelve month period next preceding the filing of the motion or petition to terminate parental rights . " Id. at 465, 615 S.E.2d at 396.
The trial court entered the following findings, which are binding on this Court due to respondent's failure to challenge their sufficiency. Koufman v. Koufman, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) ("Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal."). 22. Prior to the adjudication of the minor child, [respondent] had little to no involvement with the minor child.
23. Shortly after assuming non-secure custody over the minor child, the DSS set up visits between the minor child and [respondent]. [Respondent] exercised sporadic visits in the early part of 2006. As time progressed, [respondent's] visits became so sporadic that on 11/12/06, the court suspended his visits with the child.
24. [Respondent] has not been able to maintain stable housing or an appropriate home for the child throughout the pendency of the underlying juvenile action and has not made any progress rectifying his housing situation since the TPR Petition in this matter has been filed. At best, [respondent] was able to arrange to sleep on a cot in a detail shop in which he worked. When he was not working, he slept outside behind the detail shop or took up temporary residence with acquaintances, paramours and relatives.
25. [Respondent] has an extensive criminal history which has involved convictions since 2005 of Communicating Threats, Assault on a Female, Probation Violation, Intoxicated and Disruptive, Breaking and Entering and Injury to Personal Property. [Respondent] has been incarcerated on multiple occasions for these charges for which he was convicted.
26. [Respondent] is dependent upon alcohol, a malady for which he has been clinically diagnosed along with mild mental retardation. [Respondent] has acknowledged that he has a drinking problem and has not sought appropriate treatment for his alcoholism.
27. While [respondent] did obtain a substance abuse assessment and a mental health assessment through Insight Behavioral Services, [respondent] did not follow the recommendations of those assessments.[Respondent] attended some outpatient substance abuse treatment at Insight but discontinued his attendance without completing his therapeutic objectives and was discharged in October 2006 due to his infrequent attendance. Additionally, [respondent] continued to abuse alcohol.
. . .
29. [Respondent] has not maintained significant contact with his child[,] nor has he made any consistent inquiry concerning his child's welfare.
30. [Respondent] has never asked that his child be placed in his home. . . .
31. [Respondent] receives disability payments. [Respondent] is not able to be under an order for child support. Nonetheless, he has not contributed at all to the support and maintenance of his minor child, not even providing a pack of diapers or an article of clothing for the child the entire time she has been in care[,] and yet he has been able to afford alcohol which he did not deny himself despite his diagnosed alcoholism.
32. The minor child is currently placed in a pre-adoptive home where she has remained since being placed in 1/07.
These findings show that, as of the time of the hearing, respondent had made no progress in correcting conditions that led to the child's removal and subsequent placement in foster care, and that this failure was willful. See Woodard v. Mordecai, 234 N.C. 463, 470, 67 S.E.2d 639, 644 (1951).
As to the trial court's determination of the placement of P.S. out side of the home for twelve months, the amended TPR order states that " The minor child was taken into the non-secure custody of the Alexander County [DSS] on 11/18/07 and has been in the custody of DSS since this time. " The petition to terminate parental rights was filed on 30 January 2007, and this finding would be insufficient to support the first part of the required analysis under N.C. Gen. Stat. § 7B-1111(a)(2). See In re O.C. & O.B. at 464-465, 615 S.E.2d at 396. The date of 18 November 2007 is ten months after the filing of the petition to terminate parental rights, and is clearly a clerical error, as the petition alleged Section 7B-1111(a)(2) as a ground for termination and correctly stated that P.S. was taken into the custody of DSS on 17 November 2005. The transcript reveals the trial court stated, "The minor child . . . has remained in custody of Alexander County since November 17th, 2005." The placement of P.S. in the custody of DSS in November 2005 was more than twelve months before the filing of the petition and would support the first part of the court's analysis under 7B-1111(a)(2).
Because the date contained in the amended order is a clerical error, we remand this case to the trial court for the sole purpose of correcting that error in the order. See State v. Sellers, 155 N.C. App. 51, 59, 574 S.E.2d 101, 106-07 (2002) (Where a discrepancy exists between a trial court's written order and an announced determination in open court as reflected in the transcript, the transcript is dispositive).
In all other ways, we hold that the court's findings support its conclusion that grounds for termination of respondent's parental rights existed under N.C. Gen. Stat. § 7B-1111(a)(2).
This argument is without merit.

VI. Best Interests of the Child
In his fifth argument, respondent contends that the trial court abused its discretion in finding that the best interests of the child would be served by terminating respondent's parental rights. We disagree.
Once the trial court has determined the existence of one or more grounds for termination, the court must then consider the best interests of the child in making its decision as to whether to terminate parental rights. Blackburn at 610, 543 S.E.2d at 908. The trial court is to consider various factors in its determination of the juvenile's best interest, including the age of the juvenile, the likelihood of adoption, the bond between the juvenile and the parent, the quality of the relationship between the juvenile and the proposed adoptive parent, and "[a]ny relevant consideration." N.C. Gen. Stat. § 7B-1110(a) (2007). We review this decision under an abuse of discretion standard, and will reverse a court's decision only where it is "manifestly unsupported by reason." Clark v. Clark, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980).
In addition to the findings recited above, the trial court made the following unchallenged findings of fact concerning the best interests of P.S.:
32. The minor child is currently placed in a pre-adoptive home where she has remained since being placed in 1/07.
33. The minor child has done well in her placement. Initially, the minor child experienced some behavioral issues but these issues are currently not being exhibited by the child.
. . .
36. The minor child is bonded with her foster parents. The foster parents express a present willingness to adopt the child.
37. The minor child is a lovable and adorable child fully capable of being adopted.
Based upon all of these findings we cannot say the trial court's decision is manifestly unsupported by reason. We thus find no abuse of discretion in the trial court's conclusion that termination of respondent's parental rights is in the child's best interests.
This argument is without merit.

IV. Conclusion
We hold that the trial court's findings were sufficient to support its conclusion that grounds for termination of respondent's parental rights existed under N.C. Gen. Stat. § 7B-1111(a)(2) and that termination was in the child's best interests.
Having concluded that one ground for termination of parental rights exists, we need not address the additional ground found by the trial court. See In re Brim, 139 N.C. App. 733, 743, 535 S.E.2d 367, 373 (2000).
AFFIRMED; REMANDED for correction of clerical error.
Judges GEER and STEPHENS concur.
Report per Rule 30(e).